EXHIBIT   1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 3 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

)
PHILIP P. KALODNER,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )   Civil Action No. 97-2013(RWR)
                                       )
SPENCER ABRAHAM, Secretary of          )
Energy, *et al.*,                      )
                                       )
        Defendants.                    )
                                       )

### MEMORANDUM OPINION

Plaintiff Philip P. Kalodner filed this lawsuit as an appeal
from a decision by the Department of Energy ("DOE"), through the
Office of Hearings and Appeals ("OHA"), denying his application
for attorney's fees.  Plaintiff seeks an order vacating the OHA's
decision and remanding the application for attorney's fees to the
DOE with instructions that it be reviewed and decided by the
Secretary of Energy or a designee other than the OHA.  In the
alternative, plaintiff asks this Court to decide the merits of
his fee application.

The DOE, through its Secretary, has moved for judgment on
the pleadings arguing that plaintiff has failed to state a valid
legal claim and cannot appeal the OHA's decision.  Because
plaintiff has no right of action for attorney's fees and his
challenge to the OHA's refusal to distribute attorney's fees to



27

- 10 -

of a portion of the restitution fund to another Subpart V claimant where the "DOE has already determined that plaintiffs are proper claimants." Id. at 1383.   In this case, however, there has been no DOE determination that plaintiff or any attorney is a proper claimant to the Occidental restitution fund.

Plaintiff also argues that he is entitled to fees in this case because he was involved in two prior settlement agreements (in non-section 209 cases) which provided for recovery of attorney's fees[5] and based on general case law regarding recovery of attorney's fees from a "common fund" in class action

---

[5] The Stripper Well Settlement, 653 F. Supp. 108 (D. Kan. 1986), aff'd, 855 F.2d 865 (Temp. Emer. Ct. App. 1988), originated from private litigation filed by oil producers challenging certain DOE regulations other than those at issue here.  It was not a public enforcement proceeding by the DOE. The district court enjoined enforcement of the regulations, but ordered the oil producers to deposit in escrow "the difference between the stripper well price and the controlled price of crude oil affected by the injunction." Id. at 109.  The Court of Appeals upheld the regulations on appeal and, as a result, the escrow of overcharges needed to be refunded.  The settlement agreement in that private litigation, which settled the dispute regarding how the escrowed funds should be distributed, provided for attorney's fees to be distributed to plaintiff from the fund. In that case, unlike here, plaintiff represented parties in the lawsuit that resulted in the creation of the fund to be distributed.
Plaintiff also received attorney's fees as part of the Citronelle Settlement Agreement, approved by the district court in Amoco Oil Co. v. Dept. of Energy, Civil Action No. H-94-2423 (S.D. Tex. 1995).  The settlement resolved both administrative proceedings and private litigation regarding the distribution of an escrow account containing "exception relief funds." See Citronelle Settlement Agreement, Attachment E to Plaintiff's Statement of Points and Authorities, at 1.

EXHIBIT   2

*STEVE SKUBAL*
*2 PAGES*

NOTE: Pursuant to Fed. Cir. R. 47.6, this order
is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

2005-1310

PHILIP P. KALODNER,

Plaintiff-Appellant,

v.

SAMUEL W. BODMAN, Secretary of Energy
and GEORGE B. BREZNAY, Director, Office of Hearings and Appeals,

Defendants-Appellees.

Before BRYSON, Circuit Judge.

## O R D E R

Philip P. Kalodner submits a status report and requests that the court lift the stay of briefing and issue a briefing schedule. The Secretary of Energy et al. respond and request that the court dismiss Kalodner's appeal. Kalodner replies. We consider whether Kalodner should be directed to respond concerning jurisdiction.

This court's jurisdiction in cases involving the Economic Stabilization Act (ESA) and Emergency Petroleum Allocation Act (EPAA) is limited. We have jurisdiction in ESA/EPAA cases only in the following circumstances: "(1) resolution of the litigation must have required application or interpretation of the EPAA/ESA or its regulations, and (2) the EPAA/ESA issue must have been adjudicated in the district court." Texas American Oil Corp. v. United States Department of Energy, 44 F.3d 1557, 1563 (Fed. Cir. 1995) (en banc); see also Consolidated Edison Co. of New York, inc. v. Abraham,

303 F.3d 1310, 1313 (Fed. Cir. 2002) (dismissing appeal for lack of jurisdiction because case did not involve ESA/EPAA issue and district court had not adjudicated ESA/EPAA issue)

It does not appear that the district court adjudicated any ESA or EPAA issues. Thus, it appears that this court may lack jurisdiction to adjudicate this appeal.

Accordingly,

IT IS ORDERED THAT:

Kalodner is directed to show cause why his appeal should not be dismissed for lack of jurisdiction within 14 days of the date of filing of this order. The Secretary may also respond within that time.

_9/13/06_
Date

_William C. Bryson_
William C. Bryson
Circuit Judge

cc:  Philip P. Kalodner, Esq.
     Thomas H. Kemp, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 1 3 2006

JAN HORBALY
CLERK

2005-1310                           2

EXHIBIT   3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** *et al.* | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | )    **Civil Action No. 05-0816 (RMC)** |
| **SAMUEL BODMAN,** *et al.* | ) ) |
| **Defendants.** | ) ) |

## <u>ORDER</u>

This case is only the most recent in a long series of lawsuits brought by attorney

Philip P. Kalodner on behalf of a group of utilities, foreign shippers, and industrial manufacturers

who have made claims to the Department of Energy ("DOE") for distribution of crude oil refunds

pursuant to the Emergency Petroleum Act of 1973 ("EPAA"), 15 U.S.C. § 751 *et seq.*[1]   In this

version of the dispute, Plaintiffs sought an order in the nature of mandamus to compel DOE to make

a further interim distribution of funds to eligible claimants.  Since the suit was filed, however, DOE

has engaged in rulemaking and issued Final Procedures for Distribution of Remaining Crude Oil

Overcharge Refunds, 71 Fed. Reg. 2195 (January 13, 2006).  The government is now conducting the

very distribution of funds sought by Plaintiffs.  Accordingly, Plaintiffs' claim is moot and this court

is without jurisdiction to decide the case.  *See* U.S. Const. Art. III, § 2, cl. 1; *Iron Arrow Honor*

*Society v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases

---

[1] The background to the current dispute is fully described in *Consolidated Edison v.*
*Abraham*, Civil Action No. 03-1991 (RMC), *slip op.* (January 26, 2005), and will not be repeated
here.

because their constitutional authority extends only to actual cases or controversies") (citation omitted); *Evangelical Lutheran Church v. INS*, 288 F. Supp. 2d 32, 50 (D.D.C. 2003) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

Although Plaintiffs' petition for a writ of mandamus is now moot, they continue to argue for attorney's fees. This Court has already made an award of attorney's fees to these plaintiffs for the totality of their EPAA litigation, and they have appealed this decision to the D.C. Circuit Court of Appeals. *See Consolidated Edison v. Abraham*, Civil Action No. 03-1991 (RMC), *slip op.* (January 26, 2005), *appeal docketed*, No. 05-5089 (D.C. Cir. Apr. 1, 2005). Jurisdiction over their fee claims has passed to the Court of Appeals and those claims will be rejected here.

In sum, this Court does not have jurisdiction over Plaintiffs' claims because their petition for a writ of mandamus is moot and the issues that are presented by their application for attorney's fees are now within the jurisdiction of the Court of Appeals. Accordingly, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' complaint is hereby **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: March 2, 2006.

EXHIBIT   4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP P. KALODNER                    :
        Plaintiff               :
                                      :
        v.                      :     Civil Action No.
                                      :     1:03CV00947 RCL
SPENCER ABRAHAM                       :
Secretary of Energy, United States :
et al                                 :
        Defendants              :
------------------------------------- :

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully move for partial summary judgment on Count I of their Complaint, as follows:

1. An Order of the Court reversing and vacating the Decision and Order of the Department of Energy issued March 10, 2003 denying the application of Philip P. Kalodner for a common fund fee.

2. A Declaration by the Court that (i) the Secretary of Energy has the authority under law to award a common fee from crude oil funds recovered by the Department of Energy for restitution pursuant to Section 209 of the Economic Stabilization Act Amendments of 1971 ("ESA") Pub. L. 92-210, 85 Stat. 743 (1971) and (ii) the Secretary of Energy has a duty to have the application of Philip P. Kalodner for a common fund fee considered on the merits.

1

the United States only in its capacity as trustee of funds belonging to end users found entitled to restitution.

Moreover, and most importantly, the decisions of the jurisdictional Circuit Court, the Court of Appeals for the federal Circuit, and its predecessor, the Temporary Emergency Court of Appeals ("TECA"), have repeatedly and consistently implicitly found no sovereign immunity from, and explicitly have found that there is a right to, suit by an end user denied recovery of ESA Sec. 209 funds, either by direct denial or by award of restitution funds to a third party.. (See, e.g. Consolidated Edison Co. v. Richardson, 233 F. 3d 1376 (Fed. Cir. 2000), Goodyear Tire & Rubber Co. v. DOE, 118 F. 3d 1531 (Fed. Cir. 1997), Mid-America Dairymen, Inc. v. Herrington, 878 F. 2d 1448 (TECA 1989). If, as the Federal Circuit has consistently found, there is no sovereign immunity from a suit by an injured end user against Treasury funds recovered by the DOE for restitution, then clearly there can be no sovereign immunity as to a small charge against such funds as is here sought.

(iii) Kalodner does not seek a fee from United States funds, and therefore does not rely on a waiver of sovereign immunity as to such a claim pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2142 (b). Accordingly it is irrelevant whether or not Kalodner could seek a fee here from United States' funds not already committed for distribution to those entitled to restitution.

17