# APPENDIX II

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5101**                 **September Term, 2005**

05cv00816

Filed On: August 7, 2006 [984432]

Consolidated Edison Company of New York, Inc., et al.,
      Appellants

v.

Samuel W. Bodman, Secretary of Energy and George
B. Breznay, Director, Office of Hearings and Appeals,
      Appellees

**BEFORE:**   Sentelle, Brown, and Kavanaugh, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). Appellants' request for distribution of approximately 90% of the crude oil refund due each eligible claimant is moot because the Department of Energy ("DOE") has conducted (or has committed to conduct) that distribution. See Coalition of Airline Pilots Ass'ns v. FAA, 370 F.3d 1184, 1189-90 (D.C. Cir. 2004); Natural Resources Defense Council v. NRC, 680 F.2d 810, 814 (D.C. Cir. 1982). Appellants' request that DOE distribute the remaining retained funds is not ripe for review because the litigation for which these funds have been withheld is still pending. See AT&T Corp. v. FCC, 369 F.3d 554, 563 (D.C. Cir. 2004). With regard to appellants' request for a common fund fee, it appears they are now seeking, in the context of this appeal, such a fee only in connection with their work in Consolidated Edison Co. v. Bodman, Civil Action No. 05-0816 ("Con Ed VI"). See Opp. to Mot. for S.A. at 17-20. As appellants acknowledge, however, such a fee would be paid out of funds that have been retained by the United States. See id. at 18. Because these funds are still in the possession of the federal government, they are protected by the sovereign immunity doctrine. See Consolidated Edison Co. v. Bodman, 445 F.3d 438, 446 (D.C. Cir. 2006); Kalodner v. Abraham, 310 F.3d 767, 769-770 (D.C. Cir. 2002). Moreover, the sovereign immunity doctrine is not waived by the Equal Access to

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5101**  **September Term, 2005**

Justice Act, because appellants did not obtain court-ordered relief in Con Ed VI and therefore are not "prevailing parties." See Buckhannon Board & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598 (2001); Consolidated Edison, 445 F.3d at 447.

Pursuant to D.C. Circuit 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**