IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> BODMAN, ET AL. ) <br> ) <br> Defendants ) <br> ) | Civil Action No. <br> 1:06CV00818 (RMC) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

In his Opposition to the Claimant Defendants'[1] Motion to Dismiss (hereinafter "Opp. Br."), Plaintiff Philip Kalodner admits that his Con Ed IV claim is duplicative of the suit pending before Judge Kennedy, admits that his Con Ed V claim has been decided against him by the Court of Appeals (but asks this Court not to follow the Court of Appeals), and does not contest that in summarily affirming the dismissal of Con Ed VI, the Court of Appeals found that Kalodner's clients "did not obtain court ordered relief," i.e., accomplished nothing that would warrant a fee. These uncontested points, which we explain in greater detail below, require that the Complaint in this case be dismissed.

**I.    The Con Ed IV Claim Should Be Dismissed as Duplicative**

Kalodner suggests that dismissing "the instant action to the extent that it claims a common fund fee for Kalodner's success in Con Ed IV on the ground that it duplicates two remanded actions would be neither efficient nor in the best interests of

---

[1] Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd.[1], and Florida Power Co.

the defendants..." Opp. Br. at 11.  Leaving aside Kalodner's misguided conclusions regarding Claimant Defendants' best interests, the continuation of this admittedly duplicative lawsuit is neither fair nor efficient.

Kalodner's proposed solution (to a problem entirely of his own creation) is the consolidation of the remanded case(s) with the instant action.  As regards the litigation against Claimant Defendants, such consolidation would accomplish nothing.  As discussed below, the non-duplicative portions of this suit must also be dismissed.  Thus, all that would remain in the consolidated case would be two versions of the same claim.[2]

The only way that Kalodner has attempted to distinguish his two Con Ed IV claims against Claimant Defendants is to point out that his request for relief against the private parties in the instant suit only applies if the Court denies his request for relief against the government, and that the precise method of delivering relief differs slightly in the two suits.  Opp. Br. at 3.  These procedural differences do not alter the facts.  In both cases, Kalodner is seeking payment of a common fund fee for his alleged "success" in Con Ed IV from the same Claimant Defendants.  The relief sought is the same; and the fact that Kalodner is simultaneously trying to obtain identical relief from the government only suggests that the suit against Claimant Defendants is

---

[2] Kalodner has now filed a Motion to Consolidate these cases, which Claimant Defendants will respond to separately.  Initial review of that motion, however, only reaffirms the suspicion that Kalodner's true motive both for bringing this case and for attempting to consolidate the cases is to have all issues heard by a judge whom he perceives as favoring his claims. The present suit against Claimant Defendants should obviously have been an amendment of the suit before Judge Kennedy, but was filed as a new suit and coupled with the Government as a defendant to avoid that result. (Indeed, Kalodner's first lawsuit against Private Claimants was initially directed by Kalodner to Judge Collyer but assigned to Judge Kennedy).

– like so many of Kalodner's cases – also premature. (The Court of Appeals refers to Kalodner as "trigger happy." *Consolidated Edison v. Bodman*, 445 F.3rd 434, 459 (D.C. Cir. 2006).

Thus, Kalodner's invocation of the Supreme Court's instructions in *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.* that "[w]ise judicial administration, giving regard to consideration of judicial resources and comprehensive disposition of litigation, does not counsel mechanical solution of such problems," 342 U.S. 180, 183 (1952), fails as an argument against dismissal of the instant case. Conservation of judicial (and defendants') resources as well as comprehensive disposition of this litigation, are most effectively achieved by dismissal of this case.

## II. The Con Ed V Claim Should Be Dismissed as Precluded

Kalodner argues that his Con Ed V claim is not precluded by the decision of the Court of Appeals in *Consolidated Edison v. Bodman*, 445 F.3d 438, 459 (D.C. Cir. 2006). He recognizes however, as he must, that the Court of Appeals clearly found against him on this point. The Court said:

> Kalodner's claim against the beneficiaries...for Con Ed V...fails for lack of causation.

Opp. Br. at 25. Kalodner's response to the Court of Appeals' decision holding against him is that it was a mere "rumination on a matter not before" the Appeals Court. Opp. Br. at 6.

In fact, Con Ed V was very much before the Appeals Court, which consolidated Kalodner's and the government's cross-appeals of this Court's ruling on Con Ed V (*Consolidated Edison v. Abraham*, D.D.C. Nos. 03-1991/ 05-24, slip op. Jan. 26,

2005), and heard and decided those cross-appeals together with Kalodner's appeal of this Court's dismissal of his initial suit against Claimant Defendants. The Appeals Court concluded that the Con Ed V litigation had produced no benefits for crude oil claimants, and that the "success" Kalodner claimed in that suit was actually the result of a separate administrative proceeding. *See* 445 F.3d at 457-459. Thus, the issue of whether a common fund fee can be awarded to Kalodner for Con Ed V has been conclusively decided against Kalodner, and is precluded. *See Meng v. Schwartz*, 305 F. Supp.2d 49, 58 (D.D.C. 2004).

Kalodner strangely proposes that this conclusive decision on the merits[3] by the Court of Appeals should not be followed by this Court because Con Ed V as it affected Claimant Defendants was not before the Appeals Court, Con Ed V having been filed after the case against Claimant Defendants had been dismissed. Again, Kalodner is wrong.

First, it is fully within the Court of Appeals' authority to address an issue sua sponte. *See Acree v. Republic of Iraq*, 370 F.3d 41, 58 (D.C. Cir. 2004) (citing *Roosevelt v. E.I. DuPont de Nemours & Co.*, 958 F.2d 416, 419 n. 5 (D.C. Cir. 1992)). In this situation, however, there was no need for the court to rely on that authority. Kalodner

---

[3] Kalodner appears to argue that the Court of Appeals' decision as to Con Ed V was based wholly on jurisdictional (sovereign immunity) grounds, rather than the merits. Opp. Br. at 26. Not only does this argument ignore the Appeals Court's conclusion in its sovereign immunity discussion that "the absences of causation is fatal" as to Con Ed V, 445 F.3d at 449, and its separate examination of Con Ed V causation issues, *id.* at 456-459; but Kalodner's attempted argument here ignores the established law of this Circuit, which states that "a judgment based alternately upon two determinations, either of which would be sufficient to sustain it, is an effective adjudication as to both grounds, and is collaterally conclusive as to both." *Yamaha Corp. of America v. U.S.*, 961 F.2d 245, 255 (D.C. Cir. 1992) (citing James Moore et al., 1B Moore's Federal Practice ¶ 0.441[2] at 729 (1988)).

himself placed his actions in Con Ed V vis-à-vis the Private Claimants before the Court of Appeals.  In his Initial Brief in *Kalodner v. Public Service Gas & Electric*, D.C. Cir. No. 05-7009, (attached as Exhibit A) (hereinafter "Initial Brief"), Kalodner wrote, in his Statement of Facts, that "the principal basis on which he [Kalodner] here seeks a common fund fee from those claimants with whom he has no fee agreements is his success in *two* actions in the District Court of the District of Columbia." *Id.* at 8 (emphasis added).  One of those actions was Con Ed IV; the other was Con Ed V, to which Kalodner devotes two full pages of his Statement of Facts.  *See* Initial Brief at 11-12.  Con Ed V is also referenced repeatedly in the Initial Brief at pp. 13, 17, 19- 20, 22-23, 25-26, 28-33, 41, 47-48, and 50. It is disingenuous for Kalodner to now argue that application of the Appeals Court's decision in response to Kalodner's own argument "would work a basic unfairness to Kalodner."  Opp. Br. at 7, 26.

Further, Kalodner, on receipt of the Court of Appeals' decision denying relief for Con Ed V, raised the identical argument before the Court of Appeals as he now improperly attempts to raise here.  He petitioned for rehearing on the ground that "the suit against the private claimants [did not] seek an award for the bringing of the *Con Ed V* action" and that the Panel therefore had "no basis for discussing...Kalodner's claim for insuring distribution by virtue of the *Con Ed V* action...".  *Consolidated Edison v. Bodman*, Nos. 05-5089, 05-5223, 05-7009, Appellants, Cross Appellees Combined Petition for Panel Rehearing and for Rehearing En Banc, May 30, 2006 at p. 15 (attached as Exhibit B).  The Court of Appeals rejected the Petition and let stand its ruling that "Kalodner's claim against the beneficiaries...for Con Ed V ...fails for lack of

causation." *Consolidated Edison v. Bodman*, 445 F.3d at 459. The doctrine of claim preclusion (res judicata) prohibits Kalodner from revisiting this issue now. *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C.Cir. 2004) (second suit based on same cause of action involving identical parties barred, in part to protect adversary parties "from expense and vexation attending multiple lawsuits").

### III.    The Con Ed VI Claim Should be Dismissed as Baseless

Finally, Kalodner contends that he is not "precluded in this action from claiming a common fund fee for his success in Con Ed VI" (Opp. Br. at 7). In fact, Claimant Defendants have not argued that Kalodner was precluded on this point.[4] Rather, they argued that Con Ed VI provides no basis for a common fund fee because Con Ed VI accomplished nothing, having been dismissed by this Court both as moot and for lack of jurisdiction, *Consolidated Edison v. Bodman*, D.D.C. No. 05-816, slip op. at 1 (Mar. 2, 2006). That decision was summarily affirmed by the D.C. Circuit with the finding that "appellants did not obtain court-ordered relief." *Consolidated Edison v. Bodman*, D.C.Cir. No. 06-5101, Order at 2 (Aug. 7, 2006).

As the Court of Appeals stated, "common fund cases typically hinge on some form of court-ordered relief." 445 F.3d at 457. Although the court discusses exceptions in cases where "the record appeared to offer no plausible explanation for the defendants' action other than the lawsuit itself," *id.*, such is not the case here. The eventual crude oil refund distribution had been previously announced by the Department of Energy in May 2004, and the Department was under no obligation to

---

[4] Claimant Defendants do believe, however, that the issue of any attorney's fees for Con Ed VI has been conclusively decided by this Court and the Court of Appeals.

follow any particular schedule for making the refund payments. Hence, the suit, which was dismissed, did not achieve the required judicial relief.

Furthermore, Kalodner seems to be arguing that he has earned $30 million merely for "suggesting," Opp. Br. at 28, that money be *withheld* from claimants' distributions. Far from being responsible for causing the distribution, Kalodner was responsible for the delay in the distribution. And Kalodner is singularly responsible for the fact that full payments were not and have not yet been made to all claimants including his own clients. Ten percent was reserved solely, and unwisely, for possible payment to Kalodner. Under these circumstances, there is no way for Kalodner to claim entitlement to a common fund fee based on Con Ed VI, and that claim must be dismissed.

## CONCLUSION

Kalodner cannot file duplicative law suits and relitigate claims he has lost. For these reasons, this action should be dismissed.

Respectfully submitted,

Michael F. Healy Bar #940221 (AB4)

Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079

MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004
(202) 739-3000

SHER & BLACKWELL LLP
1850 M Street, N.W.
Suite 900
Washington, D.C. 20036
Tel: 202-463-2500
Fax: 202-463-4950

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General
Motors Corp.; and Florida Power Co.

Counsel for defendants
General Council on Finance and
Administration of the United
Methodist Church; Seagroup, Inc.; and
Zim Integrated Shipping Services Ltd.

October 31, 2006

**CERTIFICATE OF SERVICE**

I, Alison B. Macdonald, hereby certify that copies of the foregoing Reply Memorandum of Points and Authorities of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. was served this 31st day of October, 2006, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Alison B. Macdonald