IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER,<br><br>    Plaintiff,<br> v.<br><br>SAMUEL BODMAN, et al.,<br><br>    Defendants. | Civil Action No. 1:06-cv-00818 (RMC) |
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al.<br><br>    Plaintiff,<br> v.<br><br>SPENCER P. ABRAHAM, et al.<br><br>    Defendants. | Civil Action No. 1:03-cv-01991 (RMC) |
| PHILIP P. KALODNER<br><br>    Plaintiff,<br> v.<br><br>PUBLIC SERVICE ELECTRIC & GAS CO., et al.<br><br>    Defendants. | Civil Action No. 1:04-cv-00152 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO CONSOLIDATE**

INTRODUCTION

In its most recent decision dealing with Plaintiff Philip P. Kalodner's seemingly never-ending claims for attorney's fees associated with the Department of Energy's refund program

under Section 209 of the Emergency Petroleum Allocation Act of 1973, the D.C. Circuit chided plaintiff for his "trigger happiness" in bringing lawsuits. <u>Consolidated Edison Co. of New York v. Bodman</u>, 445 F.3d 438, 459 (D.C. Cir. 2006). Plaintiff's Motion to Consolidate is yet another example of this propensity to act rashly and should be denied as premature and unwarranted.[1]

As discussed below, there are pending motions to dismiss Plaintiff's latest case (No. 06-0818). As for No. 03-1991, in its remand order with respect to *Con Ed IV,* the D.C. Circuit pointed to threshold preclusion arguments that could dispose of that claim against the government as well. Noting that "preclusion issues abound," 445 F.3d at 445, the Court of Appeals instructed that even if the government did not argue preclusion in 03-1991 on remand, because "interests of judicial economy are at stake in preclusion doctrines," it would be appropriate for this Court to address the issue sua sponte. Moreover, dismissal of Docket 03-1991 is required on mootness grounds because of Plaintiff's disavowal of any interest in the issue remanded by the Court of Appeals.

If case Nos. 06-0818 and 03-1991 are dismissed, the only matter remaining would be case No. 04-0152, Kalodner's putative class action now again before Judge Kennedy on remand from the D.C. Circuit. The Court of Appeals held that Kalodner's claim against the putative class with respect to *Con Ed V* "fails for lack of causation," 445 F.3d at 459, but remanded his claims with respect to *Con Ed IV* stating the "main substantive question" is "what DOE was likely to have done independent of the [*Con Ed IV*] litigation." <u>Id</u>. at 453.

Whether to consolidate is a matter within the "broad discretion" of the district court. 9

---

[1] Kalodner's motivation for moving to consolidate these cases cannot be a straightforward desire to streamline a process that he himself is responsible for convoluting. This is evident from the fact that Kalodner has not included his most recently-filed action, <u>Consolidated Edison v. Bodman</u>, D.D.C. No. 06-1522 (RMC) in his motion to consolidate. This latest case, even in this context, is exceptional: Kalodner seeks a full distribution for *his clients* only; asks that *his 39 clients* be declared a class because they are so numerous as to make joinder impractical, and then requests a fee for this effort, to be paid by the remaining private claimants (including the undersigned, who received no formal notice of the lawsuit).

Wright & Miller, *Federal Practice and Procedure*, § 2383 at 437-38. Defendants respectfully submit that the Court should exercise that discretion by denying the motion to consolidate as premature. Obviously, this would be without prejudice to reconsideration of the appropriateness of consolidation if there remain cases to consolidate following consideration of dispositive motions.

## ARGUMENT

### PLAINTIFF'S MOTION TO CONSOLIDATE SHOULD BE DENIED AS PREMATURE AND UNNECESSARY

Plaintiff seeks consolidation before Judge Collyer of three cases, two of which are currently pending before Judge Collyer, Nos. 03-1991 and 06-0818, and one pending before Judge Kennedy, 04-0152. In the latest of the three cases, No. 06-0818, Kalodner has sought to bring claims against both the government and the same putative class representatives who are defendants in the case before Judge Kennedy (No. 04-0152). On October 5, 2006 undersigned Defendants moved to dismiss No. 06-0818, pointing out that two of the claims Plaintiff raises therein are either precluded by, or patently lacking in merit as in result of, decisions of the D.C. Circuit, and the third is duplicative of the claims Kalodner has already brought in No. 04-0152 pending before Judge Kennedy. The federal government also moved to dismiss No. 06-0818 on October 2, 2006. These motions have been fully briefed and are pending.

As for the first filed of the cases Kalodner wishes to consolidate, No. 03-1991 involved claims by Kalodner's clients against the federal government. In *Consolidated Edison v. Bodman*, the D.C. Circuit held that Kalodner was barred by sovereign immunity from seeking attorneys fees in his own name against the government for either *Con Ed IV* or *Con Ed V*. The Court of Appeals also rejected any claim on behalf of Kalodner's clients against the government for attorney's fees in connection with *Con Ed V* on the ground that his clients were not prevailing

- 3 -

parties under the Equal Access to Justice Act, 445 F.3d at 445, and for lack of causation, id. at 459.

With respect to claims for attorney's fees by Kalodner's clients associated with *Con Ed IV*, the Court of Appeals remanded for a determination of causation, but only if the district court were to find that such claims "survived any reconsideration of preclusion." Id. at 459. This Court in fact had earlier ruled that such claims were barred by law of the case and as "an improper collateral attack on the decision of the Federal Circuit." Id. at 441. However, in what the Court of Appeals described as a "perplexing tactical choice," the government did not address preclusion in its appellee's brief to the Court of Appeals, and instead relied on sovereign immunity alone.

The Court of Appeals indicated that "issue and/or claim preclusion . . . appear . . . to be the most apt doctrines" in considering whether Kalodner's clients have any surviving claims against the government. Id. at 451. However, the Court of Appeals decided that because "the government failed to brief the preclusion issue for fee claims against it, and as we are remanding the issue [for a causation determination], for prudential reasons we do not address it here." Id. at 451. Nonetheless, the Court of Appeals telegraphed its own view that the issue should be addressed by the government, or by the district court sua sponte if the government still failed to do so, stating: "[w]e note for the benefit of the parties and the district court, however, that because interests of judicial economy are at stake in preclusion doctrines, courts retain the power to consider such doctrines sua sponte." Id.

Given that this Court has already once held that any remaining claims for attorney's fees associated with *Con Ed IV* are precluded, there is at the very least a strong chance that the case will be dismissed and there will be no need for No. 03-1991 to be consolidated. Moreover, even

if that were not the case, Kalodner's pleadings appear to indicate that the case is moot. In his opposition to the undersigned Defendants' motion to dismiss No. 06-0818, Kalodner states that "the remanded action is presumably to consider the possible claim of Kalodner's clients for a common fund fee, a fee they never claimed and which this Court never awarded them."[2] Regardless of the accuracy of Kalodner's assertion with respect to what his clients claimed in the past, it is apparently his position that his clients are not now claiming any entitlement to attorney's fees for *Con Ed IV*. As that is the only matter that is before the Court on remand in 03-1991, the matter is moot, and therefore should be dismissed on this ground.

If both No. 03-1991 and No. 06-0818 (the two cases now pending before Judge Collyer) are dismissed, consolidation would be unnecessary as only one case would remain (No. 04-0152 now pending before Judge Kennedy). As the Court will recall, Kalodner originally designated this case as a related case to his clients' claims before Judge Collyer, but the case was subsequently reassigned to Judge Kennedy on February 19, 2004. There is no reason for the court to alter that original decision.

---

[2] Plaintiff's Statement of Points and Authorities in Opposition to Claimant Defendants' Motion to Dismiss, Kalodner v. Bodman No. 06-0818 (RMC) at 12.

## CONCLUSION

For the foregoing reasons, undersigned Defendants respectfully submit that Plaintiff's motion to consolidate should be denied as premature.

Respectfully submitted,

By: /s/ Alison B. Macdonald
Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079

SHER & BLACKWELL LLP
1850 M Street, NW
Suite 900
Washington, DC  20036
Telephone:  202.463.2500
Facsimile:   202.463.4950

Counsel for defendants
General Council on Finance and
Administration of the United Methodist
Church; Seagroup, Inc.; and Zim
Integrated Shipping Services Ltd.

By: /s/ Michael F. Healy (ABM)
Michael F. Healy, D.C. Bar # 940221

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202.739.3000
Facsimile:   202.739.3001

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General Motors
Corp.; and Florida Power Co.

**CERTIFICATE OF SERVICE**

I, Alison B. Macdonald, hereby certify that copies of the foregoing Opposition to Motion to Consolidate of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. was served this 7th day of November, 2006, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

_____
Alison B. Macdonald