UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | ) Civil Action No: 06-0818 (RMC) |
| | ) |
| SAMUEL BODMAN, et. al. | ) |
| | ) |
|         Defendants. | ) |

### FEDERAL DEFENDANTS' MEMORANDUM
### IN OPPOSITION TO MOTION TO CONSOLIDATE

The Plaintiff ("Kalodner") has requested that this case be consolidated with two other cases underway in district court – cases no. 04-0152 and 03-1991. The Federal defendants are not parties to case no. 04-0152 and take no position with respect to consolidation of the claims against the private defendants, but they strongly object to consolidation of this case with case no. 03-1991, a/k/a *ConEd V*.

The reason is simple. In the current case, the plaintiff is Kalodner himself, but in 03-1991, his clients are plaintiffs. In light of three prior decisions on the issue, namely, whether an attorney for a party is entitled to a money judgment against the government, there can be no question that Kalodner cannot state a claim in his own name.[1] The D.C. Circuit made it perfectly clear in *Consolidated Edison v. Bodman*, 445 F.3d 438 (D.C. Cir. 2006) that Kalodner's claim, unlike that of his clients, is barred by sovereign immunity as a matter of law.[2] The mandate of the D.C. Circuit affirmed the dismissal of Kalodner's claim in *Kalodner III*.

---

[1] Those three prior lawsuits are the basis for the Federal Defendants' fully briefed Motion to Dismiss.

[2] On remand in *ConEd V*, the clients' claim may not survive an issue preclusion defense – "preclusion issues abound." *See Consolidated Edison v. Bodman*, 445 F.3d 438, 445 (D.C. Cir. 2006). The Court further explained that "for prudential reasons we do not address [the governments' issue preclusion defense] here. We note for the

1

This Court should follow the mandate of the D.C Circuit and simply dismiss the current claim against DOE. The Motion to Dismiss is fully briefed by the parties.[3] If the claim against DOE is dismissed as a matter of law, there would be nothing to consolidate with 03-1991, at least where DOE is concerned.  Given the tendency of this Plaintiff to purposefully enlarge narrow issues of law and introduce questions of facts at the wrong time, he is hardly the spokesman for judicial economy. If that was his concern, perhaps he should have abstained from filing *Kalodner IV*.  It is somewhat astonishing that Kalodner, who has been generating a steady stream of cases requesting attorney fees since 1996, is advocating for judicial economy.

A much better approach would be for this Court to follow the example set by the D.C. Circuit and keep Kalodner's claim against the government separate from his clients' claims. Indeed, it is Kalodner himself that has kept those separate by filing separate lawsuits; yet, later arguing that they should be consolidated.  The D.C. Circuit even created a table to differentiate between the two types of claims.  There is nothing to gain by consolidating this case with 03-1991 at the point when this case is ripe for dismissal as a matter of law.  This is yet another tactical move which Kalodner hopes would result in legitimizing his commingling of the issues and permit him to recount all of his alleged legal achievements even though this case can be resolved on issue preclusion grounds.

For the foregoing reasons, the Federal Defendants pray that the Court deny Plaintiff's Motion to Consolidate.

---

benefit of the parties and the district court, however, that because interests of judicial economy are at stake in preclusion doctrines, courts retain the power to consider such doctrines sua sponte." *Id*. at 451.  Of course, the government's right to raise the issue on remand is fully protected and its omission at the appellate level "need not be fatal to the preclusion arguments' resurrection on remand." *Id*. at 445.

[3] Defendants filed the Motion to Dismiss on October 6, 2006, Plaintiff filed his brief in opposition on October 14, 2006, and the Defendants filed a Reply on October 27, 2006.

                                        _____/s/_____
                                      Ada L. Mitrani, D.C. Bar # 498560
                                      Stephen C. Skubel, D.C. Bar # 256461
                                      U.S. DEPARTMENT OF ENERGY
                                      GC-31 FORS
                                      1000 Independence Ave. SW
                                      Washington DC 20585
                                      202-586-5550

## CERTIFICATE OF SERVICE

I, Ada L. Mitrani, certify that on this 8th day of November, 2006, I caused a true and correct copy of this document to be served by first class mail, postage prepaid to:

                    City of New York
                    100 Church St.
                    New York, NY 10007
                        *Defendant*