IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER<br>    Plaintiff<br><br>        v.<br><br>SAMUEL BODMAN, Secretary of Energy, United States; GEORGE B. BREZNAY Director, Office of Hearings and Appeals; AND<br><br>PUBLIC SERVICE ELECTRIC & GAS CO.; EASTMAN CHEMICAL COMPANY; GENERAL MOTORS CORPORATION; SEAGROUP, INC. GENERAL COUNCIL ON FINANCE AND ADMINISTRATION OF THE UNITED METHODIST CHURCH; CITY OF NEW YORK; ZIM ISRAEL NAVIGATION CO. LTD; FLORIDA POWER CORPORATION<br>    Defendants | CIVIL ACTION NO.<br><br>No. 1:06-cv-00818(RMC)<br><br><br><br>CLASS ACTION |
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. Et al<br>    Plaintiffs<br><br>        v.<br><br>SPENCER ABRAHAM, SECRETARY OF ENERGY OF THE UNITED STATES et al<br>    Defendants | Civil Action No.<br>1:03CV01991(RMC) |
| PHILIP P. KALODNER<br>    Plaintiff<br><br>        v.<br><br>PUBLIC SERVICE ELECTRIC & GAS CO. et al<br>    Defendants | CIVIL ACTION NO.<br>1:04CV00152 (HHK) |

<u>PLAINTIFF'S REPLY TO OPPOSITION OF CLAIMANT DEFENDANTS</u>

<u>TO PLAINTIFF'S MOTION TO CONSOLIDATE</u>

1

INTRODUCTION AND SUMMARY OF ARGUMENT

Seven of the eight defendants sued in in Count II of the Complaint in Kalodner v. Bodman, 06-0818RMC, and in Kalodner v. Public Service Electric & Gas Co., 04-0152HHK, in both cases as representatives of some 29,500 crude oil refund claimants-- Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. ( "claimant defendants") -- have filed an Opposition to plaintiff Philip P. Kalodner's ("Kalodner") Motion to Consolidate those two matters and Consolidated Edison Co. v. Bodman, ("Con Ed V"), 03-1991RMC. ("Claimant's Opposition").

The Claimant's Opposition argues that the consolidation is "premature" because (i) the claimant defendants have moved to dismiss the 06-0818 action as to themselves (COUNT II) and the federal defendants Bodman and Breznay ("DOE") have moved to dismiss the 06-0818 action as to the DOE (Count I), and (ii) the 03-1991 action remanded by the D.C. Circuit may be dismissed by this Court even though no one has sought such, and if both those cases are dismissed, there will be nothing to consolidate.

In response, plaintiff submits (i) that the 06-0818 action is not properly dismissed as to either the DOE or the claimant defendants , (ii) that the 03-1991 remanded action is not

2

properly dismissed, and (iii) finally, and most importantly, because there is a claim for a common fund fee against the DOE (03-1991 and/or Count I of 06-0818) and against the claimants (04-0152 and/or Count II of 06-0818) consolidation will be necessary to avoid judicial inefficiency and possible inconsistent decisions, and that the consolidation of the 03-1991 and 04-0152 actions with, and effectively into, the 06-0818 action not only serves the interest of judicial efficiency and avoids possible inconsistent decisions, but is also in the interest of the claimant defendants by subjecting them and the class to adjudication only if the DOE is not ordered to pay the common fund fee from the 10% withheld for that purpose.

Moreover, consolidation should not be deferred until the Court adjudicates the Motions to Dismiss 06-0818 and adjudicates a possible motion to dismiss the remanded 03-1991 action; as long as the cases remain unconsolidated and before two Judges, there is both a risk of judicial inefficiency, and the possibility of inconsistent rulings.

ARGUMENT

1. <u>The 06-0818 action seeking a common fund fee first from the DOE, and then, only if such is refused, against the claimant defendants and their fellow 29,500 claimants who have received an 89.5% distribution is not properly dismissed as to either the DOE</u>

<u>or the claimant class</u>

     A. <u>As to Count I of the Complaint in 06-0818, because the DOE has now distributed 89.5% of their pro rata shares to 29,500 claimants, it has no sovereign immunity from being sued for a common fund fee, and previous holdings by this Court and the D.C. Circuit recognizing a sovereign immunity barrier while the funds remain in the U.S. Treasury provide no issue or claims preclusion.</u>

    In responding to the DOE Motion to Dismiss, which was based on the argument that the government has sovereign immunity as long as the funds remain in the U.S. Treasury, and indeed that the Court of Appeals for the District of Columbia Circuit has so held in <u>Consolidated Edison Co. v. Bodman</u>, 445 F. 3d 438 (D.C. Cit. 2006), plaintiff has explained, inter alia, that as to the 89.5% which has now been distributed to each of more than 29,5000 claimants, there is clearly no sovereign immunity; a holding in the very different situation in which the funds remained in the Treasury provides neither issue nor claims preclusion.

    The situation is entirely different from the one with which this Court was dealing in <u>Consolidated Edison Co. v. Bodman</u> ("<u>Con Ed V</u>"), 03-1991RMC D.D.C. Memorandum Opinion of Jan. 26, 2005, and which was the subject of the cross appeals by Kalodner and the DOE in <u>Consolidated Edison Co. v. Bodman</u>, 445 F. 3d 438 (D.C. Cit. 2006). There, this Court held that sovereign immunity was an

available government defense to Kalodner's claim for a common fund fee for his success in Con Ed V in obtaining the agreement of DOE to comply with the declaratory order he had obtained in Consolidated Edison Co. v. Abraham ("Con Ed IV"), 271 F. Supp. 2d 104 (D.D.C. 2003) because the funds sought to be charged continued to reside in the U.S. Treasury, as they had when Kalodner claimed a common fund fee in Con Ed IV, i.e. the federal government continued in "possession" of the funds.

Here, in contrast, 89.5% of the funds are no longer in the Treasury, but are in the hands of 29,500 claimants (and the 10% withheld for a possible fee award, although in the Treasury, has effectively been allocated to individual claimants.)

As the D.C. Circuit has itself held, once the distribution to claimants has been made, as it now has been to the extent of 89.5%, there is no sovereign immunity protecting the government from an obligation to recover a common fund fee from the claimants who have received Treasury funds, particularly where the government may obtain such from funds it is holding in the Treasury for such claimants. National Treasury Employees Union v. Nixon, 521 F. 2d 317 (D.C. Cir. 1975). (there, the funds for a common fund fee were available to the government in the form of future salary payments to 3.5 million federal employees who had received increased salary payments as a result of the litigation for which a common fund fee was being sought.)

Here the government has available for payment of a common fund fee the 10% it has withheld from claimants precisely for the common fund fee award here sought. Indeed, as the DOE acknowledged in its Reply Memorandum in support of its motion to dismiss, it would be a "wild hypothesis" to believe that "if ordered by this Court, OHA will not pay attorney fees from the 10% it has reserved precisely for such situation."

   B. <u>As to Count II of the Complaint in 06-0818, it is not properly dismissed as duplicative of the 04-0152 action in seeking a common fund fee for Kalodner's success in Consolidated Edison Co. v. Abraham ("Con Ed IV"), 271 F. Supp. 2d 104 (D.D.C. 2003) (i) because in 06-0818 a fee is sought only from those who have received distribution, and (ii) because in 06-0818 a common fund fee is sought also on the basis of Kalodner's success in Consolidated Edison Co. V. Bodman, ("Con Ed V") 03-1991RMC D.D.C. and in Consolidated Edison Co. V. Bodman ("Con Ed VI), 05-816RMC D.D.C.</u>

Plaintiff believes he need not, and accordingly will not, reiterate the above arguments submitted in response to the defendant claimants' motion to dismiss, referring the Court to that response.

Moreover, if Count II of the 06-0818 action were dismissed plaintiff would seek to amend the Complaint in the 04-0152 action to (i) define the claimant class as consisting of those who have

6

already received distribution, and (ii) to add his successes in Con Ed V and Con Ed VI as additional justification for the award of a common fund fee as against the claimants who have received distribution.

As plaintiff pointed out in responding to the defendant claimants' Motion to Dismiss Count II of the 06-0818 action, as between the 04-0152 action, whether or not amended, and Count II of the 06-0818 action, it is both more appropriate, and indeed more beneficial to the claimants, for the principal vehicle to be the 06-0818 action because it seeks recovery first from the DOE (in Count I), and only if such is denied, seeks recovery from the claimants (in Count II).

2. <u>The 03-1991 action, remanded by the D.C. Circuit, is not likely to be dismissed, even if the DOE seeks such, but to employ it as the principal vehicle for adjudicating Kalodner's claim for a common fund fee against the DOE rather than COUNT I of the 06-818 action would present difficult issues of interpreting the D.C. Circuit remand order</u>

If the 03-1991 action, rather than Count I of the 06-0818 action, is to be the vehicle for determining DOE's liability for a common fund fee from the withheld funds, this Court will be required to deal with a situation in which the D.C. Circuit has remanded a matter not ever before this Court, i.e. whether Kalodner's clients are entitled to recover as a common fund fee a

portion of the fee they paid Kalodner.

The application before this Court in 03-1991 which was the subject of the appeals to the D.C. Circuit was Kalodner's application for a common fund fee, not his clients' application, and this Court's denial of a common fund fee in part, and its grant in part, was to Kalodner: "the Court will <u>award to Mr. Kalodner</u> an attorney's fee of 30% (to the extent to which the distribution allocated to claimants exceeded $670 per million gallons)... To <u>compensate the individual</u> who obtained it (the increase in per gallon allocation) with 30% of this recovery fulfills the equitable reasons for the common fund doctrine." (Decision of January 26, 2005, emphasis supplied).

The dilemma presented to this Court by the 03-1991 remand is the apparent necessity to chose between two alternatives: (i) to hold that because the D.C. Circuit never considered, and therefore did not vacate or reverse, the award to Kalodner which this Court made, the award stands, or (ii) to hold that the remand is as to a fee sought by Kalodner despite the D.C. Circuit's description of the remand as being as to a fee sought by Kalodner's clients.

For this Court to hold neither of the foregoing, but instead to dismiss in 03-1991, because it is of a remand as to a fee never sought, would not only be to pretend that this Court had never considered Kalodner's fee claim and had never awarded a fee

to Kalodner, but would be to treat the remand as a meaningless act, thereby ignoring the clear intent of, and direction by, the D.C. Circuit to consider the award of a fee against the DOE for the Con Ed IV success.

Plaintiff believes that the best way to avoid the difficulties presented by the D.C. Circuit's 03-1991 remand is to consolidate the 03-1991 action (and the 04-0152 action) with the 06-0818 action. Such consolidation would permit the use of the 06-0818 action as the principal vehicle for adjudicating Kalodner's common fund fee claim as against the DOE, while avoiding the difficulties presented by the D.C. Circuit's remand of a claim never made by Kalodner's clients and never dealing with the claim actually made by Kalodner.

3. Because there is a need to adjudicate Kalodner's claim for a common fund fee against the DOE, and if such is not awarded, to adjudicate Kalodner's claim for a common fund fee as against the claimants, consolidation of the two claims is necessary; it is best accomplished by consolidating the 03-1991 action and the 04-0152 action with, and effectively into, the 06-0818 action.

Kalodner's claim for a common fund fee against the DOE, whether adjudicated pursuant to the remand in 03-1991 or pursuant to Count I of 06-0818, or both, will require adjudication.

Kalodner's claim for a common fund fee against the

claimants, whether adjudicated pursuant to the remand in 04-0152 or pursuant to Count II of 06-0818, or both, will require adjudication if an award is not made as against the DOE.

Were the claim against the DOE and the claim against the claimants to be adjudicated contemporaneously by separate Judges (as, for example would be the case were 04-0152 to remain with Judge Kennedy while the claim against DOE, pursuant either to the remand in 03-1991 or Count I of 06-0818, and possibly the claim against the claimants pursuant to Count II of 06-0818, to be adjudicated by Judge Collyer), (i) there would be judicial inefficiency by requiring such issues as the causative effect of the <u>Con Ed IV</u> declaratory judgment in obtaining distribution to be determined twice, and (iii) there would be a threat of inconsistent decisions as to the award of a common fund fee and/or as to the amount of the common fund fee.

Moreover, there would be the additional inefficiency of determining the claim against the claimants without knowing whether such would be necessary; if a common fund fee were awarded against the DOE, and paid with the 10% withheld for such purpose by the DOE, then it would be unnecessary to adjudicate the claim against the claimants.

It is to avoid such inefficiency and the possibility of inconsistent decisions, that plaintiff has moved to consolidate the 03-1991 and 04-0152 remanded actions with, and effectively

into, the 06-0818 action.

Such consolidation would both (i) provide a route to considering the Kalodner claim in the proper alternative order, i.e. first against the DOE, and then if necessary, against the claimants, (ii) as well as permit the Court to avoid the difficult problem of dealing with, and resolving, the D.C. Circuit's misrepresentation of the common fund fee application and award in this Court in the remanded 03-1991 action (as noted above).

(Although the dismissal of the two remanded actions (03-1991 and 04-0152) without prejudice, so that only 06-0818 would need to be adjudicated would be an alternative to consolidation, plaintiff has not suggested it out of respect for the D.C. Circuit which ordered the remands. Their consolidation with, and in effect into, 06-0818, will assure the availability to the DOE and the claimant defendants in the consolidated actions of any arguments they seek to advance based on the D.C. Circuit decision.

4. <u>Consolidation should not be deferred pending action on the pending motions to dismiss in 06-0818</u>

Such consolidation need not, and should not, await this Court's action on the motions to dismiss the 06-0818 actions. Even if both Counts of that action were dismissed, the need for consolidation of the two remanded actions, 03-1991 and 04-0152,

would exist.

Moreover, absent immediate consolidation, there is the possibility that the 04-0152 remanded action will proceed before Judge Kennedy and the 03-1991 remanded action will proceed before Judge Collyer, with all of the attendant judicial inefficiency and risk of inconsistent decisions.

If consolidation is ordered immediately, as requested, and either or both Counts of 06-0818 are dismissed, the consolidation will remain as to the remaining actions, and judicial inefficiency and the risk of inconsistent decisions in the interim will be avoided.

5. Finally, although plaintiff will eschew the temptation to respond to the claimant defendants' abusive and ill-tempered language with regard to his motivation and conduct, it is appropriate to note the defendant claimants' misstatement that in Kalodner's clients' suit to obtain the 10% which has been withheld from them because Kalodner has waived any common fund fee as to clients with whom he has a fee agreement, <u>Consolidated Edison Co. v. Bodman RMC</u>, 06-1522 D.D.C., Kalodner "requests a fee... to be paid by the remaining private claimants (including the undersigned....)" (Footnote 1, p. 2 of defendant claimants' Opposition to Motion to Consolidate). To the extent to which Kalodner seeks a fee for litigation to require the DOE to release funds withheld for a common fund fee which has been waived, it is

12

sought from the DOE, and would necessarily be from funds <u>other</u> than those being withheld by the DOE for any awarded common fund fee and otherwise for distribution to the claimants with whom Kalodner does not have fee agreements, e.g. the claimant defendants.

As Kalodner has explained with regard to his clients' 06-1522 RMC action, (i) the fact that it is before this Court and is clearly related to 06-0818, 03-1991 and 04-0152 is yet another reason for the consolidation of the other three cases before Judge Collyer, and (ii) Kalodner has no objection to the formal consolidation of the 06-1522 action with the other three actions should the Court find it convenient to do so after the filing of the DOE response to the Complaint in 06-1522, which DOE response will enable the Court to determine whether the defense there presented, if any, raises issues making consolidation with the other three actions appropriate.

<u>CONCLUSION</u>

For the reasons above set forth, and those set forth in plaintiffs' Statement of Points and Authorities In Support of Motion to Consolidate, most particularly in the interest of the efficient use of judicial resources and the avoidance of possible conflicts, the motion to consolidate the remanded actions in 03-1991 and 04-0152 with 06-0818 before Judge Collyer should be

granted.

                                        Respectfully submitted,

                                        _____
                                        Philip P. Kalodner
                                        208 Righters Mill Road
                                        Gladwyne PA 19035
                                        610-649-8749
                                        DC Bar 973578

November 13, 2006         Attorney for Plaintiffs
                                        in 03-1991 and
                                        Pro Se in 04-0152 and 06-0818

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
_____
PHILIP P. KALODNER                    :
     Plaintiff                        :
                                      :
          v.                          :
                                      :    CIVIL ACTION NO.
SAMUEL BODMAN ,Secretary of Energy,   :
United States; GEORGE B. BREZNAY      :    No. 1:06-cv-00818(RMC)
Director, Office of Hearings and      :
Appeals; AND                          :
                                      :
PUBLIC SERVICE ELECTRIC & GAS CO.;    :
EASTMAN CHEMICAL COMPANY; GENERAL     :
MOTORS CORPORATION; SEAGROUP, INC.    :    CLASS ACTION
GENERAL COUNCIL ON FINANCE AND        :
ADMINISTRATION OF THE UNITED          :
METHODIST CHURCH; CITY OF NEW YORK;   :
ZIM ISRAEL NAVIGATION CO. LTD;        :
FLORIDA POWER CORPORATION             :
     Defendants                       :
                                      :
_____
CONSOLIDATED EDISON COMPANY OF        :
NEW YORK, INC. Et al                  :
     Plaintiffs                       :
                                      :
                                      :
          v.                          :    Civil Action No.
                                      :    1:03CV01991(RMC)
SPENCER ABRAHAM,  SECRETARY OF        :
ENERGY OF THE UNITED STATES           :
et al                                 :
     Defendants                       :
_____
 PHILIP P. KALODNER                   :
        Plaintiff                     :
                                      :
          v.                          :
                                      :   CIVIL ACTION NO.
PUBLIC SERVICE ELECTRIC & GAS CO.     :   1:04CV00152 (HHK)
et al                                 :
        Defendants                    :
_____
```

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of Plaintiff's

1

Reply to Claimant Defendants' Opposition to Plaintiff's Motion to Consolidate this 14th day of November, 2006 by first class mail upon the following:

John R. Low-Beer
Assistant Corporation Counsel
100 Church St. Room 3-162
New York, N.Y. 10007

Attorney for defendant
City Of New York in 06-0818

_____

Philip P. Kalodner

2