```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
_____
PHILIP P. KALODNER                      :
     Plaintiff                          :
                                        :
          v.                            :
                                        :    CIVIL ACTION NO.
SAMUEL BODMAN ,Secretary of Energy,     :
United States; GEORGE B. BREZNAY        :    No. 1:06-cv-00818(RMC)
Director, Office of Hearings and        :
Appeals; AND                            :
                                        :
PUBLIC SERVICE ELECTRIC & GAS CO.;      :
EASTMAN CHEMICAL COMPANY; GENERAL       :
MOTORS CORPORATION; SEAGROUP, INC.      :    CLASS ACTION
GENERAL COUNCIL ON FINANCE AND          :
ADMINISTRATION OF THE UNITED            :
METHODIST CHURCH; CITY OF NEW YORK;     :
ZIM ISRAEL NAVIGATION CO. LTD;          :
FLORIDA POWER CORPORATION               :
     Defendants                         :
                                        :
_____
CONSOLIDATED EDISON COMPANY OF          :
NEW YORK, INC. Et al                    :
     Plaintiffs                         :
                                        :
          v.                            :    Civil Action No.
                                        :    1:03CV01991(RMC)
SPENCER ABRAHAM,  SECRETARY OF          :
ENERGY OF THE UNITED STATES             :
et al                                   :
     Defendants                         :
_____
 PHILIP P. KALODNER                     :
        Plaintiff                       :
                                        :
          v.                            :
                                        :    CIVIL ACTION NO.
PUBLIC SERVICE ELECTRIC & GAS CO.       :    1:04CV00152 (HHK)
et al                                   :
        Defendants                      :
_____
```

PLAINTIFF'S REPLY TO OPPOSITION OF FEDERAL DEFENDANTS

TO PLAINTIFF'S MOTION TO CONSOLIDATE

1

The Federal Defendants, the Secretary of Energy and the Director of the Office of Hearings and Appeals of the Department of Energy (cumulatively, "DOE") have filed an opposition to plaintiff's motion to consolidate the two actions in which Kalodner seeks a common fund fee from the DOE, <u>Kalodner v. Bodman</u>, 06-0818RMC D.D.C. and the remanded <u>Consolidated Edison Co. v. Bodman</u> ("<u>Con Ed V</u>"), 03-1991RMC D.D.C.. Kalodner seeks such a common fund fee from the DOE either (I) by the use of the 10% which has been withheld by the DOE from distribution to 29,500 claimants for that potential purpose, or (ii) by recovering a common fund fee of 10% from those 29,500 claimants who have received 89.5% of each of their pro rata shares of the available crude oil refunds,

Neither of the two arguments made by the DOE has merit. Indeed, each of them relies on a central misunderstanding.

1. <u>The DOE argument that the 03-1991 action should not be consolidated with the 06-0818 action, because in the former a common fund fee is sought by Kalodner's clients, and in the latter by Kalodner, is based on a misunderstanding of the claim in the 03-1991 action; in both cases, the application is by Kalodner for a fee to be awarded to him, not his clients.</u>

In 03-1991, the application before this Court which was the subject of the appeals to the D.C. Circuit was Kalodner's application for a common fund fee, not his clients' application,

and this Court's denial of a common fund fee in part and its grant in part was to Kalodner: "the Court will <u>award to Mr. Kalodner</u> an attorney's fee of 30% (to the extent to which the distribution allocated to claimants exceeded $670 per million gallons)... To <u>compensate the individual</u> who obtained it (the increase in per gallon allocation) with 30% of this recovery fulfills the equitable reasons for the common fund doctrine." (Decision of January 26, 2005, emphasis supplied).

In DOE's defense, it should be pointed out that it is merely repeating a misunderstanding and misrepresentation by the Court of Appeals for the D.C. Circuit in the decision in which it reversed this Court's award of a common fund fee in part (on $39 million of the $284 million to be distributed to claimants) and reversed this Court's refusal to consider the award of a fee on the entire $284 million, <u>Consolidated Edison Co. v. Bodman</u>, 445 F. 3d 438 (D.D.C. 2006). The D.C. Circuit, incorrectly treating the application to have been by Kalodner's clients, not as it was by Kalodner, and also misrepresenting the application to have been for a fee for obtaining a declaratory judgment in a prior action, <u>Consolidated Edison Co. v. Abraham</u> ("<u>Con Ed IV</u>"), 271 F. Supp. 2d 104 (D.D.C. 2003), rather than as it was for the success obtained by Kalodner in <u>Con Ed V</u>, remanded to this Court "(Kalodner's) clients claim against the government... for Kalodner's efforts in <u>Con Ed IV</u>," 445 F. 3d at 460.

Indeed, it is in significant part to avoid the need for this Court to deal with a remand of a non-existent application of Kalodner's clients for a common fund fee for a success won in prior litigation not before this Court in the remanded 03-1991 action that Kalodner here seeks consolidation of the 03-1991 action with the 06-0818 action. In the 06-0818 action, it is clear that (I) it is Kalodner, not his clients, who is seeking a common fund fee, and (ii) that it is sought for his success in both Con Ed IV and Con Ed V (and also in the subsequent action by virtue of which the distribution of 89.5% of the funds was finally obtained, Consolidated Edison Co. V. Bodman ("Con Ed VI"), 05-0816RMC D.D.C.)

Consolidation of the 03-1991 remanded action with, and effectively into, the 06-0818 action will enable the Court to focus on the Kalodner claim against the DOE for all three successful actions, Con Ed IV, Con Ed V, and Con Ed VI, while not denying the DOE easy and convenient reference to the D.C. Circuit Court's comments on the merits of the fee claim in the remanded 03-1991 action. Plaintiff here believes those comments are dicta not properly to be given weight by this Court, but suggests consolidation out of respect to the D.C. Circuit; it is for that reason, and only for that reason, that plaintiff suggests consolidation rather than a dismissal of the 03-1991 action without prejudice.

2. <u>The DOE argument that the 06-818 action is "ripe for dismissal as a matter of law", and that there is therefore no action against DOE to be consolidated with the remanded 03-1991 action, reflects a failure to recognize that with the 89.5% distribution, there is no longer any sovereign immunity defense available to the DOE which precludes Kalodner claiming a common fund fee.</u>

The DOE here reiterates the argument which is the basis for its motion to dismiss as to Count I of 06-0818, i.e. that "Kalodner's claim, unlike that of his clients, is barred by sovereign immunity as a matter of law," (Federal Defendants' Opposition, at 1), and therefore that "(T)here is nothing to gain by consolidating this case (06-0818) with 03-1991 at the point where this case (06-0818) is ripe for dismissal as a matter of law." <u>id</u> at 2.

The DOE relies on the D.C. Circuit's affirmance in <u>Consolidated Edison v. Bodman</u>, 445 F. 3d 438, 448 (D.C. Cir. 2006) of the dismissal by this Court of Kalodner's claim for a common fund fee against the DOE in <u>Kalodner v. Bodman</u> ("<u>Kalodner III</u>"), 05-0024RMC D.D.C. (Memorandum Opinion of January 26, 2005). Both this Court and the D.C. Circuit held that because the funds sought to be charged with a common fund fee resided in the U.S. Treasury, i.e. were in the "possession" of the government, the defense of sovereign immunity was available to the government

5

(and that it was not waived by the Equal Access to Justice Act ("EAJA") 28 U.S.C. Section 2412 (b)). As this Court explained in its Order of Dec. 4, 2003 in Con Ed IV (01-0548RMC D.D.C.,, quoting from the decision of the D.C. Circuit in Kalodner v Abraham ("Kalodner I"), 310 F. 3d 767, 770, "the sina qua non of federal sovereign immunity is the federal government's possession of the money in question."

But, as to the 29,500 claimants to whom 89.5% of each of their pro rata shares has been distributed, the funds are no longer in the "possession" of the government. Accordingly, there is no sovereign immunity, and the issue of whether sovereign immunity was waived even though the funds were in the Treasury, by the EAJA, or as plaintiff here maintains it was, by Section 209 of the Economic Stabilization Act of 1971 ("ESA"), Pub. L. 92-210, 85 Stat. 743 (1971) is no longer necessarily addressed as to such distributed 89.5%. (For the same reason, i.e. that the previously decided issue was whether sovereign immunity existed and was waived by the EAJA while the funds remained in the U.S. Treasury, there is no issue or claims preclusion preventing a claim for a common fund fee as to funds once they are distributed and are no longer in the "possession" of the government.)

Nor, as the D.C. Circuit has held, may the government claim sovereign immunity to avoid recovery of a common fund fee from claimants to whom it has distributed the funds sought to be

charged with a common fund fee, particularly where the government has access to funds due the claimants which may be tapped for the common fund fee. <u>National Treasury Employees Union v. Nixon</u>, 521 F. 2d 317 (D.C. Cir. 1975. In that case, the government had access to salaries due some 3.5 million federal employees to whom it had distributed a salary adjustment as a result of litigation brought by a small group of those employees. Here, the government's access is with even less effort; it has withheld 10% of the amount due each of those 29,500 claimants precisely for payment of a common fund fee to Kalodner should such be awarded him.

Nor does the fact that the 10% resides in the U.S. Treasury, therefore arguably providing a sovereign immunity defense as to the 10%, constitute a barrier to recovery of any awarded common fund fee from and with such withheld 10%.

Indeed, it appears that it will be unnecessary to argue as to whether (I) sovereign immunity attaches at all to 10% effectively allocated to claimants and withheld by the government solely for payment of their common fund fee obligation, and (ii) whether, if sovereign immunity is nevertheless an available defense as to the 10%, it is waived by virtue of ESA Section 209.

Given a choice of recovering any awarded common fund fee from 89.5% already in the hands of 29,500 claimants or using the withheld 10% fo such purpose, the DOE has said that it would be a

"wild hypothesis" to believe that "if ordered by this Court, OHA (Office of Hearings and Appeals of the DOE) will not pay attorneys fees from the 10% it has reserved precisely for such situation." (DOE Reply to Plaintiff's Opposition to its Motion to Dismiss).

Finally, if the DOE is arguing that even though successful party plaintiffs can recover common fund fees for wresting funds from the United States ( as held by the D.C. Circuit in remanding 03-1991 and as held in National Treasury Employees Union v. Nixon, supra), plaintiffs' attorneys cannot so recover, and DOE cites neither authority or reason for any such distinction, such is belied by the D.C. Circuit's affirmance of awards to plaintiffs' attorneys in Commonwealth of Puerto Rico v. Heckler, 745 F. 2d 709 (D.C. Cir. 1984) and Swedish Hospital Corp. V. Shalala, 1 F. 3d 1261 (D.C. Cir. 1993)

CONCLUSION

For the reasons above set forth, and those set forth in plaintiffs' Statement of Points and Authorities In Support of Motion to Consolidate, most particularly in the interest of the efficient use of judicial resources and the avoidance of possible conflicts, the motion to consolidate the remanded actions in 03-1991 and 04-0152 with 06-0818 before Judge Collyer should be granted.

                                          Respectfully submitted,

                                          _____
                                          Philip P. Kalodner
                                          208 Righters Mill Road
                                          Gladwyne PA 19035
                                          610-649-8749
                                          DC Bar 973578

November 13, 2006            Attorney for Plaintiffs
                                          in 03-1991 and
                                          Pro Se in 04-0152 and 06-0818

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER : <br>     Plaintiff : <br> : <br>      v. : <br> : <br> SAMUEL BODMAN ,Secretary of Energy,: <br> United States; GEORGE B. BREZNAY : <br> Director, Office of Hearings and : <br> Appeals; AND : <br> : <br> PUBLIC SERVICE ELECTRIC & GAS CO.; : <br> EASTMAN CHEMICAL COMPANY; GENERAL : <br> MOTORS CORPORATION; SEAGROUP, INC. : <br> GENERAL COUNCIL ON FINANCE AND : <br> ADMINISTRATION OF THE UNITED : <br> METHODIST CHURCH; CITY OF NEW YORK;: <br> ZIM ISRAEL NAVIGATION CO. LTD; : <br> FLORIDA POWER CORPORATION : <br>     Defendants : <br> : | CIVIL ACTION NO. <br><br> No. 1:06-cv-00818(RMC) <br><br><br><br><br><br> CLASS ACTION |
| CONSOLIDATED EDISON COMPANY OF : <br> NEW YORK, INC. Et al : <br>     Plaintiffs : <br> : <br>            v. : <br> : <br> SPENCER ABRAHAM,  SECRETARY OF : <br> ENERGY OF THE UNITED STATES : <br> et al : <br>     Defendants : | <br><br><br><br> Civil Action No. <br> 1:03CV01991(RMC) |
| PHILIP P. KALODNER : <br>       Plaintiff : <br> : <br>           v. : <br> : <br> PUBLIC SERVICE ELECTRIC & GAS CO. : <br> et al : <br>       Defendants : | <br><br><br><br> CIVIL ACTION NO. <br> 1:04CV00152 (HHK) |

<u>CERTIFICATE OF SERVICE</u>

1

I hereby certify that I have served a copy of Plaintiff's Reply to Federal Defendants' Opposition to Plaintiff's Motion to Consolidate this 14th day of November, 2006 by first class mail upon the following:

John R. Low-Beer
Assistant Corporation Counsel
100 Church St. Room 3-162
New York, N.Y. 10007

Attorney for defendant
City Of New York in 06-0818

_____
Philip P. Kalodner

2