IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER )<br>　　Plaintiff )<br>　　　　v. )<br>　　　　　　)<br>BODMAN, ET AL. )<br>　　Defendants ) | Civil Action No.<br>1:06CV00818 (RMC) |

**MOTION FOR POSTPONEMENT
OF CONSIDERATION OF MOTION FOR CLASS CERTIFICATION**

Defendants Public Service Electric & Gas Co., Eastman Chemical Co., Florida Power Corp., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church and Zim Integrated Shipping Services Ltd. hereby move this Court for an order, pursuant to Rule LCvR 23.1 of the Rules of this Court, postponing consideration of Plaintiff's motion for class certification until the Court has ruled on pending dispositive motions. Support for this Motion is set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

_____ (ABM)
Michael F. Healy Bar #940221
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004
(202) 739-3000

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General
Motors Corp.; and Florida Power Co.

_____
Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079
SHER & BLACKWELL LLP
1850 M Street, N.W.
Suite 900
Washington, D.C. 20036
Tel: 202-463-2500

Counsel for defendants
General Council on Finance and
Administration of the United
Methodist Church; Seagroup, Inc.; and
Zim Integrated Shipping Services Ltd.

November 16, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP P. KALODNER )
)
Plaintiff ) Civil Action No.
) 1:06CV00818 (RMC)
v. )
)
BODMAN, ET AL. )
)
Defendants )

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR POSTPONEMENT
OF CONSIDERATION OF MOTION FOR CLASS CERTIFICATION**

Undersigned defendants – whom Plaintiff Philip Kalodner seeks to have named as class representatives in this putative defendant class action – hereby move this Court for an order, pursuant to Rule LCvR 23.1 of the Rules of this Court, postponing consideration of Plaintiff's motion for class certification until the Court has ruled on pending dispositive motions. Grant of this motion would avoid potentially unnecessary litigation and would conserve the resources of the Court.

### INTRODUCTION

On October 5, 2006, Defendants Public Service Electric & Gas Co., Eastman Chemical Co., Florida Power Corp., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church and Zim Integrated Shipping Services Ltd.

(collectively herein, "Defendants")[1] filed a motion to dismiss this case, which seeks to extract attorney's fees from funds obtained by the U.S. Department of Energy ("DOE") for distribution to approximately 30,000 private claimants, including Defendants. The government defendants have also filed a motion to dismiss. These dispositive motions are fully briefed and waiting decision. On October 26, 2006, Plaintiff filed a motion to consolidate this case ( No. 06-818) with two other cases.[2] On November 03, 2006, Plaintiff filed his motion for class certification. Subsequently, counsel advised Plaintiff of Defendants' intention to file this motion to postpone and willingness to commit to making a further filing on the class certification issue within 30 days of this Court's ruling on Defendants' motion to dismiss, should that motion be denied.[3] Plaintiff stated that he was not able to say whether he objected to this motion to postpone without reviewing the papers, and that he will advise the Court as to his consent or objection.

## ARGUMENT

I.   **CONSIDERATION OF THE ISSUE OF CLASS CERTIFICATION IS PREMATURE AT THIS TIME AND SHOULD BE POSTPONED**

Rule LCvR 23.1 of the Rules of this Court provides in relevant part that, once a motion for class certification is filed, the Court "may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings. A defendant may move at any time . . . to dismiss

---

[1] The Department of Energy, through its officials Samuel Bodman and George Breznay, and the City of New York, are also defendants in this case.

[2] One of these additional cases is *Kalodner v. Public Service Electric & Gas et. al*, No. 04-152, an earlier suit for a common fund fee whose claims against undersigned defendants are repeated in this case. Kalodner also sought certification of a defendant class action in No. 04-152; that motion to certify was postponed by Judge Kennedy. Case 04-152 has been returned to Judge Kennedy on remand, and the motion for class certification will presumably be considered, if necessary, when those proceedings recommence.

[3] As discussed below, Defendants may seek a further postponement of consideration of class certification if their Motion to Dismiss is denied, in order to pursue necessary discovery.

the complaint." Here, there are relevant "preliminary proceedings," namely, the pending dispositive motions to dismiss. Should Defendants' motion to dismiss be granted, the class certification issue would be rendered moot. Thus, efficiency and economy would be served by postponing consideration of class certification until the motions to dismiss are resolved.

In *Curtin v. United Airlines, Inc.*, 275 F.3d 88 (D.C. Cir. 2001), the D.C. Circuit addressed the circumstances in which it is appropriate to defer the class certification question and first take up a dispositive motion (in that case a motion for summary judgment). The Court stated

> As plaintiffs note, it is often more efficient and fairer to the parties to decide the class question first. But that was not so in this case where, as we discuss below, the district court readily and correctly perceived fatal flaws in plaintiffs' claims. Reversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification. *See Federal Judicial Center, Manual for Complex Litigation (Third)* § 30.11 (1995) (stating that "[w]hen it is clear that the action lacks merit, dismissal [before certification] will avoid unnecessary expense for the parties and burdens for the court").

*Id.* at 92-93; *accord Thompson v. County of Medina, Ohio*, 29 F.3d 238, 241 (6th Cir. 1994) ("the district court acted well within its discretion in concluding that it should decide the motion for summary judgment first"); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation").

As demonstrated in the Motion to Dismiss currently before the Court, like *Curtin*, there are "fatal flaws" in Plaintiff's claim here. Plaintiff's claims in this case are either precluded by a recent direct ruling of the Court of Appeals, duplicative of earlier claims currently pending

3

before this Court, or lacking any basis in either fact or law. All these arguments are set forth in detail in the Defendants' Motion to Dismiss. Defendants submit that, as in *Curtin*, the Motion to Dismiss identifies fatal flaws to Plaintiff's case which should be addressed before the parties are put to the time and expense of dealing with class certification.

Furthermore, as noted above, Rule LCvR 23.1 of the Rules of this Court provides that the Court "may order that a ruling [on class certification] be postponed pending discovery." This is a particularly appropriate case for such a postponement. To date, there has been no discovery in any of Plaintiff's many common fund fee cases. The facts in these cases are so confusing that Plaintiff apparently does not even know how many claimants he represents in these proceedings. *See* Pl's Br. at 3 (referencing Plaintiff's "approximately 39" claimant clients). Defendants, as involuntary representatives of a putative defendant class of unrelated entities, have very limited knowledge regarding issues such as the appropriate make-up of the class as well as issues regarding the facts of each claimant's claim, e.g., whether claimants had their own counsel – a question that obviously bears on whether there are common issues of fact. Thus, substantial discovery will likely be necessary for the parties to properly address the class certification issue.

Finally, Plaintiff seeks certification of a relatively rare defendant class; this raises a number of unique and difficult issues. For this additional reason, the Court and the parties should approach the class certification issue cautiously, and only when clearly necessary. For example, Plaintiff is seeking certification under Fed.R.Civ.P. 23(b)(1) or (b)(2); he specifically argues against certification under Fed.R.Civ.P. 23(b)(3) because (b)(3) would allow defendants to opt out of class membership. *See* Pl's Br. at 34. In essence, Plaintiff is proposing a 30,000 member defendant class that would stand to lose, collectively, $30 million without receiving individual notice of the class or the lawsuit, or the opportunity to opt out of the class. This

scenario raises significant due process concerns. In addition, class certification of this putative defendant class will require consideration of multiple other complex questions, including the appropriateness of Plaintiff selecting the class representatives and class counsel and problems with the definition of the class, such as Plaintiff's proposed exclusion of his "approximately 39" clients. Neither the parties nor the Court should be required to grapple with these concerns unless necessary – and it will only be necessary if the Motions to Dismiss are denied. Class certification should therefore be postponed until the Motions to Dismiss are decided.

## CONCLUSION

For the foregoing reasons, in the interest of avoiding a potentially needless, time-consuming inquiry into certification, consideration of the class certification should be postponed pending determination of Defendants' Motion to Dismiss.

Respectfully submitted,

_____  
Michael F. Healy Bar #940221  
MORGAN LEWIS & BOCKIUS LLP  
1111 Pennsylvania Ave. N.W.  
Washington D.C. 20004  
(202) 739-3000  

Counsel for defendants  
Public Service Electric & Gas Co.;  
Eastman Chemical Co.; General  
Motors Corp.; and Florida Power Co.  

_____  
Stanley O. Sher, D.C. Bar #11924  
Alison B. Macdonald, D.C. Bar #475079  
SHER & BLACKWELL LLP  
1850 M Street, N.W.  
Suite 900  
Washington, D.C. 20036  
Tel: 202-463-2500  

Counsel for defendants  
General Council on Finance and  
Administration of the United  
Methodist Church; Seagroup, Inc.; and  
Zim Integrated Shipping Services Ltd.  

November 16, 2006

## CERTIFICATE OF SERVICE

I, Alison B. Macdonald, hereby certify that I caused copies of the foregoing Motion to Postpone Consideration of Motion for Class Certification and accompanying Memorandum of Points and Authorities of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. to be served this 16th day of November, 2006, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

_/s/ Alison B. Macdonald_
Alison B. Macdonald