IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
PHILIP P. KALODNER                        :
                                          :
      Plaintiff                           :
                                          :
         V.                               :
                                          :
SAMUEL BODMAN, Secretary of Energy,       :
et al                                     :
                                          :
AND                                       :
                                          :        CIVIL ACTION NO.
PUBLIC SERVICE ELECTRIC & GAS CO.         :        1:06CV00818 (RMC)
et al                                     :
                                          :
      Defendants                          :
                                          :
_____  `:_____
```

PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION OF CLAIMANT DEFENDANTS FOR POSTPONEMENT OF
CONSIDERATION OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

     Seven of the eight claimant defendants-- Public Service Electric & Gas Co., Eastman Chemical Company, General Motors Corporation, Seagroup Inc.,General Council on Finance and Administration of the United Methodist Church, City of New York, Zim Israel Navigation Co. Ltd., and Florida Power Corporation-- have moved for postponement of consideration of Plaintiff's motion that the eight named claimant defendants be certified pursuant to Federal Rule of Civil Procedure (FRCP") 23 as representatives of a class consisting of more than 29,500 crude

1

oil refund claimants who have been, or will have been as of the certification order, awarded a pro rata portion of the approximately $284 million being distributed by the Office of Hearings and Appeals of the U.S. Department of Energy ("OHA" and "DOE") and who have received, or will have received as of the issue of the certification order, 89.5% of such pro rata amount due them.

Plaintiff Philip P. Kalodner ("Kalodner") would not oppose a stay pending this Court's disposition of the motion to dismiss filed by the seven named claimant defendants *if* the claimant defendants were proposing to file a definitive response within two weeks of this Court's denial of their motion to dismiss.

However, claimant defendants undertake no such obligation. Instead they assert that they will not be prepared to file a response to the motion for class certification until they have conducted "substantial discovery," and have proposed to postpone any obligation to conduct that discovery until this Court's determination on their motion to dismiss.

Indeed, the claimant defendants disclose that they will seek to determine in discovery whether each of the 29,500 claimants "had their own counsel."

Presumably, the claimant defendants do not question only whether the 29,500 claimants authorized counsel to recover on their behalf; if that is the question, then no discovery would be

required because the published orders of the DOE awarding each of some 29,500 claimants 89.5% of their pro rata shares of the remaining $284 million being distributed reveal such information.

If what the claimant defendants seek to determine is whether any of the claimants consulted counsel in connection with their claims, such will require discovery from 29,500 claimants located throughout not only the United States but the world. Such discovery would obviously take not months but years.

Plaintiff believes such information is irrelevant inasmuch as it is a matter of record that none of the claimants save those represented by plaintiff Kalodner participated in the three lawsuits which created the benefit to the class for which Kalodner principally seeks a common fund fee.

But if discovery is to be sought, as claimant defendants appear to be suggesting, as to whether claimants consulted counsel, (i) the issue of whether such is to be allowed should be determined now, and (ii) if such discovery is permitted, it should begin immediately so as not to delay determination of whether Kalodner or the claimants are entitled to the 10% withheld in each distribution for any possible fee award to Kalodner for the several additional years such discovery would require.

Moreover, the question of whether the movant claimant defendants here are acting in good faith in seeking postponement

is raised by their unwarranted insult that plaintiff "apparently does not even know how many claimants he represents in these proceedings..", citing as the basis for such Kalodner's assertion that there are "approximately 39 claimants" who are his clients and as to whom he has waived any claim for a common fund fee and who therefore should be excluded from the class here. The name of each such claimant to be so excluded is set forth in the waiver executed by Kalodner and filed with OHA, and, more importantly, attached to the Complaint in <u>Consolidated Edison Co. V. Bodman</u>, 06-1522RMC D.D.C., a Complaint of which the movants here are fully aware, as is demonstrated by their referring to it in their recently filed Opposition to Plaintiff's Motion to Consolidate this case and the two matters recently remanded by the D.C. Circuit, 03-1991RMC and 04-0152HHK. Kalodner's description of his 39 claimant clients as to whom he has waived as "approximately 39" is solely because in a number of cases there have been mergers of claimants he represents and in a number of cases one claimant is being separately treated in several claims, and the "count" depends on what cognizance is taken of such situations.

Finally, however, it should be noted that the aggressiveness of the claimant defendants in contesting certification, albeit unjustified, does demonstrate that as class representatives they would indeed provide vigorous representation of the class.

4

<u>CONCLUSION</u>

Any postponement of the obligation of the claimant defendants to file a definitive responsive pleading to plaintiff's motion for class certification should be conditioned upon (i) their proceeding immediately to seek any discovery which they believe appropriate, and (ii) unless there is pending allowed discovery as of this Court's disposition of their motion to dismiss, if their motion to dismiss is denied, within 14 days thereof the claimant defendants must file a definitive response to the motion for class certification

Respectfully submitted,

_____

Philip P. Kalodner
208 Righters Mill Road
Gladwyne PA 19035
DC Bar 97357
610-649-8749

November 20, 2004         Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
PHILIP P. KALODNER,           :
                              :
    Plaintiff                 :
                              :
v.                            :     CIVIL ACTION NO.
                              :     1:06cv00818(RMC)
SAMUEL BODMAN                 :
et al                         :
                              :
    Defendants                :
_____:
```

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of Plaintiff's Opposition to Claimant Defendants Motion for Postponement of Consideration of Plaintiffs' Motion for Class Certification this 20th day of November, 2006 by first class mail upon the following:


John R. Low-Beer
Assistant Corporation Counsel
100 Church St. Room 3-162
New York, N.Y. 10007

Attorney for defendant
City Of New York

                 _____

                 Philip P. Kalodner