IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILIP P. KALODNER,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 1:06-CV-00818 (RMC) |
| : | |
| **BODMAN, ET AL.** : | |
| : | |
| Defendants. : | |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR POSTPONEMENT OF <u>CONSIDERATION OF MOTION FOR CLASS CERTIFICATION</u>

### INTRODUCTION

Plaintiff Philip P. Kalodner ("Kalodner") states in his opposition to this motion that he "would not oppose a stay pending this Court's disposition of the motion to dismiss filed by the seven named claimant defendants <u>if</u> the claimant defendants were proposing to file a definitive response within two weeks of this Court's denial of their Motion to dismiss." Opposition at 2. Kalodner further conditions his acquiescence in a stay on the Court's requiring that defendants proceed with discovery immediately while the motions to dismiss are pending. *Id.* at 5. Kalodner's attempt to impose such conditions is unwarranted. Deferral of the issue of class certification and any discovery associated therewith is supported by the text of Rule LCvR 23.1, applicable case law, and Kalodner's own pleadings in this duplicative case in which he asserts that he seeks relief in the first instance from DOE and only in the alternative from the putative class. Under such circumstances, deferral of consideration of class certification is clearly appropriate.

## **ARGUMENT**

Kalodner's willingness to acquiesce in deferral of his motion for class certification is understandable in light of Rule LCvR 23.1's provision that the Court "may order that a ruling [on class certification] be postponed pending discovery or other appropriate proceedings. A defendant may move at any time . . . to dismiss the complaint." Indeed, the D.C. Circuit has held that addressing a dispositive motion first "spares both the parties and the court a needless, time-consuming inquiry into certification." Curtin v. United Airlines, Inc., 275 F.3d 88, 92-93 (D.C. Cir. 2001). What is not understandable or appropriate is Kalodner's insistence that defendants proceed with discovery (which Kalodner apparently intends to oppose, see Opposition at 3) while the motions to dismiss are pending. This would substantially defeat the purpose of a stay as articulated by the D.C. Circuit – avoidance of the potentially needless (and costly) inquiry into certification issues.

Kaladner's insistence that discovery proceed now is not the first time that he has taken this approach. Kalodner similarly argued before Judge Kennedy in his existing putative class action that there was no need for discovery, but that even if there was, discovery should go forward while motions to dismiss were pending.[1] In a Minute Order entered on July 4, 2004, Judge Kennedy granted undersigned Defendants' motions to stay consideration of class certification. In a Minute Order entered on July 29, 2004, he directed that "discovery is stayed until there has been a ruling on the motion to dismiss."

---

[1] Judge Kennedy granted these motions to dismiss in Case No. 04-0152 and they were among the subjects of the appeals addressed in Consolidated Edison Co. v. Bodman, 445 F.3d 438 (D.C. Cir. 2006).

2

Even where the additional issue of class certification is not present, the courts have recognized that "a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." E.g., Chavous v. District of Columbia Financial Responsibility and Management Assistance Auth., 201 F.R.D.1, 2 (D.D.C. 2001); accord Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987). The negative effect on judicial resources is particularly clear in this case where Kalodner is insisting that undersigned Defendants proceed with discovery now while apparently intending to oppose such discovery.[2]

Finally, Kalodner's own pleadings support deferral of his motion for class certification and any discovery associated therewith. There are two counts in Kalodner's complaint in this case. In the first he seeks a common fund fee from DOE. The second count is against the putative class and is brought only "in the alternative to recovery from the DOE." First Amended Complaint, ¶ 1. Similarly, in his memorandum in support of his motion to consolidate this case with his two other cases, Kalodner states that "the 06-818 action seeks sequentially, (i) that DOE be ordered to pay any awarded common fund fee from the 10% withheld for such purpose, (ii) if that relief is denied" relief against the putative class. Statement of Points and Authorities in Support of Motion to Consolidate at 33. Thus, the issue of class certification in this case need

---

[2] Kalodner either seeks to minimize or fails to address entirely the complexities raised by a potential class action. For example, whether discovery need be obtained from other claimants or merely from DOE, it is indisputable that defendants, who are involuntary representatives of a putative defendant class of unrelated entities, have very limited knowledge regarding issues such as the appropriate make-up of such a class. Kalodner ignores the fact that many of the members of the putative class are government entities who may have their own sovereign immunity defenses, as well as the difficulties raised by his attempt to proceed under Fed. R. Civ. P. 23(b)(1) or (2) rather than (b)(3).

only be addressed if the pending motions to dismiss are denied and if Kalodner is unsuccessful on the merits in his claim against DOE.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in undersigned Defendants' initial memorandum, consideration of Plaintiff's motion for class certification should be deferred until further order of this Court.

Respectfully submitted,

_/s/ Alison B. Macdonald_
Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079

SHER & BLACKWELL LLP
1850 M Street, NW
Suite 900
Washington, DC 20036
Telephone: 202.463.2500
Facsimile: 202.463.4950

Counsel for defendants
General Council on Finance and Administration of the United Methodist Church; Seagroup, Inc.; and Zim Integrated Shipping Services Ltd.

_/s/ Michael F. Healy (ABM)_
Michael F. Healy, D.C. Bar # 940221

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General Motors Corp.; and Florida Power Co.

## CERTIFICATE OF SERVICE

I, Alison B. Macdonald, hereby certify that I caused copies of the foregoing Reply Memorandum in Support of Motion to Postpone Consideration of Motion for Class Certification of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. to be served this 30th day of November, 2006, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Alison B. Macdonald