UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILIP P. KALODNER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No: 06-0818 (RMC) |
| ) | |
| **SAMUEL BODMAN, et. al.** ) | |
| ) | |
| **Defendants.** ) | |

**FEDERAL DEFENDANTS' BRIEF IN OPPOSITION TO
<u>PLAINTIFF'S RULE 59 MOTION</u>**

The Plaintiff, Philip Kalodner, ("Kalodner") filed a Rule 59 motion asking the Court to reconsider its Order of December 18, 2006 and to, accordingly, 1) deny the Federal Defendants' Motion to Dismiss, and 2) grant Plaintiff's Motion to Consolidate this case with cases 03-1991 and 04-0152. The Federal Defendants respectfully ask that Kalodner's Rule 59 Motion be denied for the reasons stated below.

A motion pursuant to Rule 59(e) "should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction." *Nat'l Trust for Historic Pres. v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993) (internal citation omitted). There are no arguments in Kalodner's Rule 59 Motion that were not already presented to the Court in his Response to the Motion to Dismiss as well as in his Motion to Consolidate and the Reply Brief associated with it. While the Plaintiff is obviously not in agreement with the Court's decision and believes that there is an error of law, the remedy designed for such situations is appeal of the judgment to an appellate court with proper jurisdiction.[1]

---

[1] In reality, Kalodner has actually gone through the appellate system already more that one time and the dismissals of his claims for fees had always been affirmed. This case, *Kalodner IV,* is more of the same. Nevertheless, Kalodner retains the remedy of appeal to the D.C. Circuit Court, or to the Federal Circuit Court (or to both, as he had done in the past).

Kalodner's main focus in his Motion is centered on how this Court should have dealt with the opinion in *Consolidated Edison v. Bodman*, 445 F.3d 438 (D.C. Cir. 2006) where *ConEd V*(case No. 03-1991, now remanded) is concerned. (See Mot. to Amend, pg. 2) That portion of the decision is clearly not the subject of this lawsuit or the Federal Defendants' motion to dismiss. Moreover, whatever concerns Kalodner has with respect to it, he may address them in his clients' case on remand (case 03-1991). In any event, the arguments now advanced are just a repeat of those in Plaintiff's Brief in Opposition to the Motion to Dismiss.

Further, Kalodner again states that no court has ruled on the applicability of section 209 of the ESA as waiver to sovereign immunity, an argument he made in his Response Brief (on page 25) to Defendants' Motion to Dismiss, which the Federal Defendants addressed in their reply brief (on pages 3-5) to show that the issue is barred by the doctrine of issue preclusion. His second ground for the request to amend the judgment is the argument that the funds he seeks are no longer in the possession of the government and thus no sovereign immunity applies as a defense. (See Pl.'s Mot. to Amend, pg. 4). That argument, too, is not new and the Court undoubtedly considered it in the framework of the Motion to Dismiss, along with the legal authorities cited by both parties. (See Pl.'s Brief in Opposition to Def.'s Mot. to Dismiss, pg. 39-50; and Def.s' Reply Brief, pg. 2-3).

Because Kalodner has not presented any arguments or facts not previously considered by this Court, his Motion to Amend or Alter the December 18, 2006 Order dismissing his claim against the Federal defendants should be denied.

        Respectfully submitted:

        _____/s/_____
        Ada L. Mitrani, D.C. Bar # 498560
        Stephen C. Skubel, D.C. Bar # 256461
        U.S. DEPARTMENT OF ENERGY
        GC-31 FORS

>1000 Independence Ave. SW
>Washington DC 20585
>202-586-5550

## CERTIFICATE OF SERVICE

I, Ada L. Mitrani, certify that on this 10th day of January, 2007, I caused a true and correct copy of this document to be served by first class mail, postage prepaid to:

>City of New York
>100 Church St.
>New York, NY 10007
>*Defendant*

_____
ADA. L. MITRANI