## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILIP P. KALODNER | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. |
| | ) | 1:06CV00818 (RMC) |
| v. | ) | |
| | ) | |
| BODMAN, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO MOTION TO ALTER OR AMMEND JUDGMENT

Plaintiff Philip Kalodner's Motion to Alter or Amend Judgment Pursuant to FRCP 59(e) is nothing more than the re-argument of points that have conclusively been decided against him by this Court's December 18 Order (dismissing this case and denying his motion to consolidate this case with other cases he is involved in). Kalodner presents no arguments that meet the requirements for the alteration or amendment of a judgment under Fed.R.Civ. P. 59(e); in fact, nowhere in his thirty-four page brief does he even address such requirements, which are stringent, and well summarized in *Zyko v. Dept. of Defense*, 180 F. Supp. 2nd 89 (D.D.C. 2001). That case held that:

> While the court has considerable discretion in ruling on a 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure. Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Finally, a Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier.

*Id.* at 91 (internal cites and quotations omitted).  While Kalodner repeatedly disparages the prior rulings of both this Court and the Court of Appeals, he offers no grounds to alter the judgment under Rule 59(e).  This Motion should be denied.

**1. The Motion to Dismiss Was Correctly Granted**

Undersigned defendants urged dismissal of this case on three grounds: that the claims against them for a common fund fee based on Kalodner's alleged efforts in ConEd IV are duplicative of claims pending in *Kalodner v. Public Service Gas & Electric Co.*, No. 04-152 (HHK) (*see* Undersigned Defendants' Mem. in Support of Mot. to Dismiss (hereinafter "Mot. To Dismiss") at 6); that claims based on Kalodner's alleged efforts in the ConEd V litigation have been preclusively decided by the Court of Appeals in *Consolidated Edison v. Bodman*, 445 F.3d 438 (D.C. Cir. 2006) (*see* Mot. to Dismiss at 4); and that claims based on Kalodner's alleged efforts in Con Ed VI fail as a matter of law because ConEd VI did not create, preserve or increase any common fund (*see* Mot. to Dismiss at 5).

In initially responding to the argument that the ConEd IV claims against undersigned defendants were repetitive, Kalodner argued largely that consolidation was a better remedy than dismissal (*see* Opp. to Cl.-Defs's Mot. to Dismiss at 11-18); having lost on both consolidation and duplicativeness, he attempts to distinguish this case from 04-152 by noting that he has slightly altered the form of the relief he is requesting and that the "class" he is requesting it from is slightly different.  In doing so, he repeats an argument that he made in his reply brief supporting consolidation (*see* Reply to Opp. of Cl.-Defs. to Mot. to Consolidate at 6).  The point is that in both this case and in the 04-152 action before Judge Kennedy, Kalodner is attempting

to obtain from the same defendants, on identical grounds, a common fund attorney's fee.[1]  This

Court correctly dismissed the second claim as duplicative of the first.

Kalodner argues again that his ConEd V-based claim is not precluded, despite the recent

ruling by the Court of Appeals that Kalodner did not prevail in that case.  His argument now

repeats with greater vitriol arguments he made in opposition to dismissal of this case (*see* Opp. to

Cl.-Def. Mot. to Dismiss at 18-20) and in favor of consolidation (*see, e.g.*,  Mem. in Support of

Consolidation at 19-20).  Kalodner's repeated argument is that the Court of Appeals made an

incorrect ruling.  He is unable to accept the fact that the Court of Appeals has issued a ruling

adverse to him, as it clearly did in ruling that the "Con Ed V [claim] fails for lack of causation."

*Consolidated Edison v. Bodman*, 445 F.3d at 459.  Kalodner's personal disagreement with or

dislike of this holding cannot defeat its preclusive effect.  This Court's Order of Dismissal based

on the clear decision of the Court of Appeals is not subject to legitimate argument.

Kalodner also resurrects his argument that his ConEd VI litigation caused the partial

distribution of crude oil funds and that he thus earned a common fund fee.  As this Court

correctly recognized in dismissing this case, Kalodner is attempting to establish a causal

connection between his suit and the distribution; such a connection cannot be supported.

Kalodner consequently did not meet the requirements for a common fund fee (creation,

preservation or increase of a common fund) as set forth in *Swedish Hospital v. Shalala*, 1 F.3d

1261, 1265 (D.C. Cir. 1993).  Dismissal was therefore proper.

---

[1] Kalodner also re-raises here, as part of his argument on the validity/ duplicativeness of his
ConEd IV-based claims, the issue of whether sovereign immunity prevents him from seeking and
receiving a common fund fee from funds held in the U.S. Treasury.  This point has, of course,
been repeatedly decided against Kalodner.  *See, e.g., Kalodner v. Abraham*, 310 F.3d 767 (D.C.
Cir. 2002); *Consolidated Edison v. Bodman*, 445 F.3d at 446-451.

**2. The Motion to Consolidate Was Correctly Denied; Alternately, Case No. 03-1991 Should Be Dismissed**

Kalodner now argues that cases 03-1991 and 04-152 – the two cases remanded by the Court of Appeals – should be consolidated even if the dismissal of the instant case (06-818) is allowed to stand (as it should be). Kalodner stresses, as he did in his original motion to consolidate, the risk of inconsistent decisions by different Judges of this Court. As this Court noted in denying consolidation, 03-1991 (Consolidated Edison et al. against Bodman) and 04-152 (Kalodner against Public Service Gas and Electric et al.) have different plaintiffs, different defendants, and some differentiation as to the issues involved, and have been – and can continue to be – handled by different Judges. *See* Mem. Op. at 8-9. The Court was correct in concluding that consolidation is not appropriate.

Finally, Kalodner's insistence that the claim for an attorney's fee in 03-1991 is being made on his own behalf, not that of his clients (the plaintiffs in the case)[2] does not mean the case should be consolidated; but rather that it should be dismissed. The Court of Appeals conclusively ruled that only Kalodner's clients, and not Kalodner himself, could even possibly be able to recover a fee from the government. *See Consolidated Edison v. Bodman*, 445 F.3d at 448. Thus, Kalodner's concession that he is the party seeking the fee is sufficient to dispose of 03-1991 on remand, leaving nothing for consolidation with 04-152.

---

[2] This point is made in Kalodner's Memorandum in Support of his Rule 59(e) Motion (at 30-31); and repeats what he previously claimed. *See, e.g.*, Kalodner's Memorandum in Opposition to Claimant-Defendants' Motion to Dismiss at 12; Kalodner's Reply Memorandum to Claimant-Defendants' Opposition to Motion to Consolidate at 6; and Kalodner's Reply Memorandum to the Federal Defendants' Opposition to Motion to Consolidate (at 2) ( averring "...a misunderstanding of the claim in the 03-1991 action; ... the application is by Kalodner for a fee to be awarded to him, not his clients.")

4

## CONCLUSION

Plaintiff Kalodner's inability to accept rulings from this Court and the Court of Appeals that are not in his favor provides no grounds for the amendment or alteration of this Court's December 18, 2006 Order dismissing this case and denying Kalodner's motion to consolidate. His Rule 59(e) motion should be denied.

Respectfully submitted,


Michael F. Healy Bar #940221
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004
(202) 739-3000

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General
Motors Corp.; and Florida Power Co.


Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079
SHER & BLACKWELL LLP
1850 M Street, N.W.
Suite 900
Washington, D.C. 20036
Tel: 202-463-2500

Counsel for defendants
General Council on Finance and
Administration of the United
Methodist Church; Seagroup, Inc.; and
Zim Integrated Shipping Services Ltd.


January 12, 2006

5

## CERTIFICATE OF SERVICE

I, Alison B. Macdonald, hereby certify that copies of the foregoing Memorandum of Points and Authorities of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., Florida Power Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, and Zim Integrated Shipping Services, Ltd., in Opposition to Motion to Alter or Amend Judgment was served this 12th day of January, 2007, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Alison B. Macdonald