IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILIP P. KALODNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | CIVIL ACTION NO. |
| SAMUEL BODMAN ,Secretary of Energy, | : | |
| United States; GEORGE B. BREZNAY | : | No. 1:06-cv-00818(RMC) |
| Director, Office of Hearings and | : | |
| Appeals; | : | |
| | : | |
| AND | : | |
| | : | |
| PUBLIC SERVICE ELECTRIC & GAS CO.; | : | |
| EASTMAN CHEMICAL COMPANY; GENERAL | : | |
| MOTORS CORPORATION; SEAGROUP, INC. | : | CLASS ACTION |
| GENERAL COUNCIL ON FINANCE AND | : | |
| ADMINISTRATION OF THE UNITED | : | |
| METHODIST CHURCH; CITY OF NEW YORK; | : | |
| ZIM ISRAEL NAVIGATION CO. LTD; | : | |
| FLORIDA POWER CORPORATION | : | |
| | : | |
| Defendants | : | |
| | : | |

PLAINTIFF'S REPLY TO OPPOSITION OF THE CLAIMANT DEFENDANTS

TO PLAINTIFF'SMOTION TO ALTER OR AMEND JUDGMENT

I   THIS COURT COMMITTED "CLEAR ERROR" IN GRANTING THE MOTION TO

DISMISS COUNT II OF THE COMPLAINT; MOREOVER, SUCH DISMISSAL

EFFECTS "MANIFEST INJUSTICE"

As the Claimant Defendants agree, quoting Zyko v. Dept. of

Defense, 180 F. Supp. 2d,91 (D.D.C. 2001), this Court has

"considerable discretion in ruling on a 59 (e) motion."

It should here exercise that discretion to alter and amend its judgment in order to achieve two of the purposes justifying such, as recounted in Zyko, (i) "to correct... clear error (of law)" and (ii) to "prevent manifest injustice".

As to "manifest injustice", it was here effected by this Court's exclusion of a common fund fee for the change in the distribution methodology which this Court found Kalodner had achieved in Consolidated Edison Co. V. Bodman, 03-1991 ("Con Ed V) and for which this Court found an award of a common fund fee of 30% (of some $39 million) "fulfills the equitable reasons for the common fund doctrine." (Memorandum Opinion of January 26, 2005).

As to "clear error," there are errors of law as to each of the bases on which Kalodner seeks a common fund fee:

1. The Court erred in dismissing the common fund fee claim based on Consolidated Edison Co. v. Abraham, 01-0548 ("Con Ed IV") 271 F. Supp. 2d 104 (D.D.C. 2003) as "identical" to the claim pending in 04-0152 and as properly dismissed as "duplicative"

_____(a) The Claimant Defendants acknowledge in their Opposition, as they must, that the claim in Count II here against the Claimant Defendants on the basis of Kalodner's success in obtaining a declaratory order in Con Ed IV is not "identical" to the claim in the remanded 04-0152 for two reasons: (i) the

"relief" requested is different-- in 04-0152, Kalodner did not seek a judgment requiring the Claimant Defendants to remit a portion of the common fund received by each of them to Kalodner as a common fund fee, while here he does; and (ii) the "class" as to whom relief is sought is different-- in 04-0152 Kalodner sought relief as to all 31,000 claimants who were entitled to a portion of the common fund, while here Kalodner seeks relief only as to the claimants who have, or will have as of the award of a common fund fee to him, actually received a portion of the common fund.

(b) The fact that a second action is "duplicative," i.e. seeks similar relief to that sought in a prior pending action, does not justify giving the first action "priority" where there is good reason for proceeding on the second action first (or here, as proposed, consolidating the two actions). As the Court of Appeals for the District of Columbia has noted, "in a good many cases proceedings in an earlier-filed action have been stayed to enable the court later acquiring jurisdiction to proceed to judgment first." Columbia Plaza Corp. v. Security Nat. Bank, supra, 525 F. 2d 626, 627 (D.C. Circ. 1975).

Here, there is indeed not only a good reason for using the instant action as the principal vehicle for determining the issue of Kalodner's right to a common fund fee, but a reason which benefits the Claimant Defendants themselves. In the instant

action, and only in the instant action, does Kalodner seek a
common fund fee first from the DOE, presumably by its using the
10% it has withheld from claimants for that very purpose, and
only if refused such, does Kalodner seek a common fund fee to be
remitted by each of the now more than 29,700 claimants. If,
instead, it is only in 04-0152 that Kalodner is permitted to seek
a common fund fee from claimants and he is awarded such, the
claimants may be required to remit a common fund fee from the
89.5% they have received while the DOE continues to hold 10% of
that to which they were entitled, which 10% was withheld solely
for possible payment of a common fund fee.

 2. <u>The Court erred in finding itself bound by the Court of
Appeals with regard to Kalodner's right to a common fund fee on
the basis of his success in Con Ed V; the Court of Appeals'
comments on the causative effect of Con Ed V were not a "holding"
binding this Court</u>

 It is of course correct that the D.C. Circuit expressed the
view that <u>Con Ed V</u> was not the cause either of DOE's agreement to
comply with this Court's <u>Con Ed IV</u> declaratory order or DOE's
agreement to change its methodology of calculating the amount per
gallon to be distributed to that sought by Kalodner, with a
resulting increase in distribution to claimants of $39 million.

 It is also correct, and indisputable, that the D.C. Circuit
did so by ignoring this Court's findings of fact as to the

causation issue, i.e. that "Con Ed V insured the implementation
of the Court's declaratory judgment in Con Ed IV...In responding
to Con Ed V, DOE not only committed to a distribution but also
committed to... the adoption of Mr. Kalodner's methodology (for
calculating the per gallon amount of that distribution)."
(Memorandum Opinion of January 26, 2005)

But that expressed view by the Court of Appeals was not a
"holding" and therefore does not preclude this Court from making
a more detailed fact finding as to the matter.

There was no case before the Court of Appeals which allowed
the Court to reach the issue of the causative effect of Con Ed V:

(i) The 04-0152 Complaint against the claimants was filed
prior to Kalodner's success in Con Ed V and therefore neither
did, nor could it have, sought a common fund fee on the basis of
the causative effect of Con Ed V.

(ii) In the 03-1991 action, the Court of Appeals could not
reach the merit issue of causation because it held that
Kalodner's clients were barred as a jurisdictional matter because
they had not "prevailed," i.e. obtained a Court order, and
therefore could not obtain a necessary waiver of sovereign
immunity pursuant to the Equal Access to Justice Act ("EAJA"), 28
U.S.C. 2412 (b). Nor would the Court of Appeals have properly
reached the merits had it correctly recognized that it was
Kalodner, not his clients, who had sought a common fund fee and

Kalodner, not his clients, who had been awarded a fee in part by
this Court; in that case, the Court would again have found it was
without jurisdiction to consider the merits because Kalodner
could not avail himself of the EAJA to avoid sovereign immunity,
and because the D.C. Circuit held it was without appellate
jurisdiction to consider the waiver of sovereign immunity which
Kalodner asserted had occurred by virtue of Section 209 of the
Economic Stabilization Act ("ESA") Pub. L. 92-20, 85 Stat. 743
(1971).

(iii) In the 05-0024 case, in which Kalodner was the
plaintiff, the Court of Appeals could not reach the merits issue
of causation for the same reason it would have been blocked in
03-1991 had the Court properly recognized in that case that it
was Kalodner seeking a common fund fee.

In 05-0024, the Court of Appeals found it was without
jurisdiction to consider the merits because Kalodner could not
avail himself of the EAJA to avoid sovereign immunity, and
because the D.C. Circuit held it was without appellate
jurisdiction to consider the waiver of sovereign immunity which
Kalodner asserted had occurred by virtue of ESA  Section 209.

A Court does not issue a "holding" when there is no case
before it raising the issue as to which it is making a gratuitous
observation.

At the most, the Court of Appeals was giving an advisory

opinion as to whether there was sufficient evidence for this Court to have concluded, as it did, that Con Ed V provided the necessary catalytic effect on DOE to justify award of a common fund fee. Such an advisory opinion leaves this Court free to make detailed fact findings as to such catalytic or causative effect, and to reach a conclusion as to causation based on such fact finding.

For this Court to preclude such a factual determination as to the causative effect of Con Ed V because of a non-binding expression of view by the D.C. Circuit, reflecting, as it did, a disrespect for this Court and a misstatement of relevant facts as found by this Court, would indeed be a "manifest injustice."

3. This Court committed "clear error" when it concluded "as a matter of law" that Kalodner was not entitled to claim a common fund fee on the basis of accelerating distribution of 89.5% of the available funds by virtue of Consolidated Edison Co. v. Bodman, 05-816 ("Con Ed VI")

In dismissing Kalodner's claim for a common fund fee as against the Claimant Defendants on the basis of his success in Con Ed VI, this Court failed to recognize the basis of that claim.

It was that by virtue of that action that the DOE was persuaded to distribute to claimants immediately the 89.5% of available funds which were not sought in litigation, rather than

awaiting the completion of that litigation some several years hence when it would be possible to determine, and distribute, 100% of the then available funds, as DOE intended.

To the credit of the Claimant Defendants, they recognize the nature of the claim, i.e. that <u>Con Ed VI</u> "caused the <u>partial distribution</u>" (emphasis supplied), as this Court had not.

Because this Court had not recognized the basis of the claim, i.e. the accelerating of a partial distribution, this Court did not find that there was no "causal connection between his suit and the (partial) distribution," as the Claimant Defendants assert.

This Court could not have done so because, as this Court is aware, the affidavit of Richard Tedrow upon which this Court relies for agreeing to an 89.5% distribution was filed in direct response to a motion for summary judgment which for the first time identified the fact that 89.5% of the available funds were not sought in litigation and therefore should properly be distributed without awaiting conclusion of the litigation. As Kalodner has alleged, and as he will prove, until such suggestion was made by him that 89.5% of the funds should be immediately distributed, it was the intent of DOE to await conclusion of the litigation several years hence before making any distribution to claimants.

It is indeed particularly inappropriate for Claimant

Defendants who have received that 89.5% to argue against a common fund fee to be paid for obtaining that distribution several years earlier than it would have been received.

In their Opposition, the Claimant Defendants correctly do not seek to support this Court's suggestion of the possibility that this Court's denial of a fee to Kalodner in Con Ed VI precludes him from here seeking a fee for his success in Con Ed VI (footnote 5, Memorandum Opinion of December 18, 2006) .

That denial in Con Ed VI has no issue preclusion (collateral estoppel) effect because:

(i) to the extent this Court denied the fee on the basis that "jurisdiction over... (the) fee claims has passed to the Court of Appeals" (Order of March 2, 2006 in 05-0816)" such appeals are no longer pending, and their disposition expressed no opinion on the merits of a claim for a fee based on Con Ed VI; and

(ii) to the extent to which this Court's denial was on the basis that "This Court has already made an award of attorney's fees... for the totality of their EPAA litigation," such an award could not have included the success in Con Ed VI because it occurred after the award of the fee in Con Ed V, the award which was on appeal. Moreover, and in any event, because the award in Con Ed V has been presumably reversed by the Court of Appeals, there is no award which could have included the obtaining of the

partial distribution achieved in, and by means of, <u>Con Ed VI</u>.

II    <u>THIS COURT ERRED IN DENYING CONSOLIDATION OF 03-1991 AND 04-0152 (AND OF 06-0818 IF THIS COURT NOW DENIES THE MOTIONS TO DISMISS EITHER BY THE CLAIMANT DEFENDANTS OR THE DOE)</u>

The Claimant Defendants pay lip service to the argument that two Judges could dispose of what is a single claim for a common fund fee from the same funds due to the claimants without both (i) a serious possibility of inconsistent decisions both on the critical matter of discovery and on a final decision as to whether Kalodner is entitled to a common fund fee and if so in what amount, and (ii) an inefficient duplication of judicial resources.

However, in recognition of the weakness of such a position, the Claimant Defendants suggest that this Court should avoid such threat of inconsistency and such waste of judicial resources by dismissing the 03-1991 action which has been remanded by the Court of Appeals as well as this 06-0818 action, leaving only the remanded 04-0152 action standing.

In support of such suggestion, Claimant Defendants correctly note that the ostensibly remanded matter was whether Kalodner's clients are entitled to the award of a common fund fee against the DOE for their success in obtaining a declaratory judgment in <u>Con Ed IV</u>, and Kalodner has pointed out that the only matter

10

which could have been remanded was as to his application for, and this Court's award to Kalodner, for his success in Con Ed V.

As has been noted in the 59(e) motion, there can be no question that Kalodner is correct in so maintaining: (i) the application for a common fund fee was by Kalodner, not his clients, and (ii) this Court's award of what would have been an $11.7 million fee was to Kalodner; as this Court put it, "To compensate the individual who obtained it (the "additional monies per gallon", i.e. the extent to which the funds available for distribution exceeded $670 per million gallons, some $39 million in total) with 30% of this recovery fulfills the equitable reasons for the common fund doctrine." (Memorandum Opinion of January 26, 2005 in Con Ed V)

(It was because of the double mistake in the remand of the claim for a fee as against the DOE, i.e. (i) remanding a fee application against DOE by Kalodner's clients, not as it was by Kalodner, and (ii) remanding the matter of a fee from DOE for the Con Ed IV success in the Con Ed V action, that Kalodner has suggested (i) the appropriateness, indeed the need for, Court I of this 06-818 action seeking a fee from DOE which is clearly by him and for, inter alia, his Con Ed IV success, and (ii) the consolidation of the 03-1991, 04-0152 and 06-0818 actions.)

In response to this suggestion by the Claimant Defendants that this Court should dismiss 03-1991 because it remands a

11

matter never before this Court, it must first, and dispositively, be pointed out that the Claimant Defendants have no standing to suggest the dismissal of an action in which they are not parties; the fee in 03-1991 action is sought only from the DOE defendant in that action.

As a substantive matter, it must be assumed that the Court of Appeals in remanding in 03-199i intended to be remanding a fee application, not to be dismissing a fee application. Were this Court to dismiss because the Court of Appeals erred in failing to understand that the application was by Kalodner, not his clients, it would in effect be reversing the remand by the Court of Appeals.

Moreover, were this Court to find, as is the case, that because of the Court of Appeals error it reversed an award never made by this Court, i.e. to Kalodner's clients, and never reversed the award actually made, i.e. to Kalodner, this Court would appropriately order that the award it made to Kalodner be effectuated by DOE. Since the Court of Appeals presumably intended to eliminate the award to Kalodner, such a order by this Court would in effect also be a reversal of the Court of Appeals by this Court.

If this Court finds it inappropriate to adopt either of the two alternatives noted above- i.e, (i) disregarding the remand by dismissing, or (ii) holding that its prior award to Kalodner

12

remains standing, then it should adopt the only other alternative available-- i.e. to treat the remand in 03-1991 as a remand of a fee application by Kalodner for his success in <u>Con Ed V</u> in obtaining the implementation of the declaratory judgment obtained in <u>Con Ed IV</u>, and to interpret such to allow the Court to consider the benefit achieved in <u>Con Ed IV</u>. (Admittedly, this treatment of a remand as reinstating <u>Con Ed V</u> as a way of considering the award for a common fund fee for <u>Con Ed IV</u> would conflict with the Court of Appeals dismissal of the <u>Con Ed V</u> basis for a common fund fee; but such is the inescapable result of a manifest error by the Court of Appeals in reviewing 03-1991.

Finally, of course, it should be noted that the only other alternative to avoid the dilemma posed by the remand in 03-1991 would be to amend the judgment here in 06-0818 to reinstate at least Count I of the Complaint, and then to dismiss without prejudice 03-1991. Such would put before this Court a Kalodner fee application for <u>Con Ed IV</u>, accomplishing the presumed intent of the Court of Appeals, and would avoid the difficulties posed by the Court of Appeals errors in apparently remanding a fee application never made (by Kalodner's clients) for success in a case not before the Court (<u>Con Ed IV</u>).

13

CONCLUSION

For the reasons set forth above, and in Plaintiff's previously filed Statement of Points and Authorities,

(i) plaintiff's motion to alter or amend judgment should be granted as to Count II of the Complaint in 06-0818 and the motion to dismiss by the Claimant Defendants should be denied. (A separate Reply is being filed to DOE's Opposition to the motion to alter or amend as to the dismissal of Count I of the Complaint in 06-0818);

(ii) plaintiff's motion to consolidate 03-1991, 04-0152 and 06-0818 (to the extent, if any, to which such Complaint is reinstated) should be granted;

Plaintiff respectfully renews his request for an opportunity to offer oral argument.


Respectfully submitted,


_____

Philip P. Kalodner
208 Righters Mill Road
Gladwyne PA 19035
610-649-8749
DC Bar 973578

January 18, 2006              Pro Se in 04-0152 and 06-0818
                             and
                             As Moving Party (for common fund
                             fee) in 03-1991

14