IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP P. KALODNER<br>Plaintiff<br><br>v.<br><br>BODMAN, ET AL.<br>Defendants | CIVIL ACTION NO.<br>1:06CV00818 (RMC) |

### MOTION OF GENERAL COUNCIL ON FINANCE AND ADMINISTRATION OF THE UNITED METHODIST CHURCH, ZIM INTEGRATED SHIPPING SERVICES, LTD.FOR SANCTIONS UNDER RULE 11

Undersigned defendants hereby move pursuant to Rule 11 of the Federal Rules of Civil Procedure for the imposition of sanctions against pro se Plaintiff Philip P. Kalodner. In filing this case, Plaintiff is subjecting undersigned defendants and this Court to the frivolous relitigation of his claim for a common fund attorney's fee. Undersigned defendants' memorandum of Points and Authorities in Support of Motion to Dismiss, attached hereto as Exhibit A, discusses in depth why Plaintiff's claim is improper and not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. In essence:

(1) Plaintiff's request for a common fund fee from private claimants (including undersigned defendants), based on his alleged victory in *Consolidated Edison Co. v. Abraham*, 271 F. Supp.2d 104 (D.D.C. 2003), is pending before Judge Kennedy, see *Kalodner v. Public Service Electric & Gas*, No. 04-00152, (D.D.C.). There is no need for Plaintiff to bring this concurrent action; his motives in doing so must therefore be objectively seen as improper.

(2) Plaintiff's claim for a common fund fee based on his litigation in *Consolidated Edison Co. v. Abraham*, Nos. 03-1991/ 05-0024 (D.D.C) has been

litigated and definitively decided (against Plaintiff) in *Consolidated Edison v. Bodman*, 445 F.3d 438, 457-58 (D.C. Cir. 2006). Plaintiff is therefore precluded from relitigating this issue, and his attempt to do so violates Rule 11.

(3) Finally, Plaintiff's claim for a common fund fee based on his litigation of *Consolidated Edison Co. of New York v. Bodman*, No. 05-816 (D.D.C.) (dismissed as moot) (dismissal *summarily aff'd* as *Consolidated Edison Co. v. Bodman*, No. 06-5101, (D.C. Cir. Aug. 7, 2006)) is baseless. A party seeking a common fund fee must create, preserve or increase a fund. *See Shalala v. Swedish Hospital*, 1 F.3d 1261, 1265 (D.C. Cir. 1993). Plaintiff did none of these things. The claim can only be regarded as frivolous and in violation of Rule 11.

WHEREFORE, undersigned defendants respectfully request that this Court direct Plaintiff to cease filing repetitive and frivolous lawsuits against undersigned Defendants and others, and award sanctions in the form of costs and attorneys' fees incurred by undersigned defendants in this action.

Respectfully submitted,

/s/ Stanley O. Sher

Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079
SHER & BLACKWELL LLP
1850 M Street, N.W., Suite 900
Washington, D.C. 20036
Tel: 202-463-2500
Fax: 202-463-4950
Attorneys for Defendants
General Council on Finance and
Administration of the United
Methodist Church;
Seagroup, Inc.;
Zim Integrated Shipping Services, Ltd.

October 5, 2006

**CERTIFICATE OF SERVICE
AND COMPLIANCE WITH FED. R. CIV. P. 11(c)(1)(A)**

I hereby certify that a true and accurate copy of the foregoing Motion of General Council on Finance and Administration of the United Methodist Church, Seagroup, Inc., and Zim Integrated Shipping Services, Ltd. for Sanctions Under Rule 11 was served on the following on the 5th day of October 2006:

**By Federal Express:**
Philip P. Kalodner, Esq.
208 Righters Mill Road
Gladwyne, PA  19035

**By US Mail, postage prepaid:**
John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Stephen C. Skubel
Ada L. Mitrani
U.S. Dept. of Energy
Office of the General Counsel, GC-32
1000 Independence Ave. SW
Washington DC 20585

Michael F. Healy
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004

I further certify that the foregoing Motion for Sanctions is being filed only after fulfilling the requirements of Fed.R.Civ.P. 11(c)(1)(A) and that I have caused a true and accurate copy of the instant motion, the memorandum in support, and the exhibit thereto, to be served on the aforementioned parties and counsel by electronic filing and by US Mail, postage prepaid, this 9th day of March 2007.

*/s/ Alison B. Macdonald*
Alison B. Macdonald

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILIP P. KALODNER<br>        Plaintiff<br><br>v.<br><br>BODMAN, ET AL.<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:06CV00818 (RMC) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 11

The General Council on Finance and Administration of the United Methodist Church, Seagroup, Inc., and Zim Integrated Shipping Services, Ltd. – three of the defendants in this case, and the proponents of this Motion ("Movants") – request that the Court sanction plaintiff Philip Kalodner for filing this repetitive and frivolous lawsuit in violation of Fed.R.Civ.P. 11.

### BACKGROUND

As this Court is aware, Philip Kalodner has filed and continues to file multiple lawsuits related in some way to the crude oil refund proceedings overseen by the Office of Hearings and Appeals at the Department of Energy. For some time now, Kalodner's efforts have been directed at obtaining a common fund attorney's fee for benefits Kalodner alleges he has conferred on claimants in the oil refund proceedings (including Movants). Kalodner's efforts were at first directed entirely against the DOE, which holds the funds Kalodner seeks, but in 2003, Kalodner opened a second front in

1

his battle for fees, seeking to join a small, unlucky group of crude oil claimants (including two of the three Movants here) as respondents in a motion for fees in connection with one of his cases against the government. *See Consolidated Edison Co. v. Abraham*, No. 01-548, Slip Op. at n.2 and surrounding text (D.D.C. Dec. 4, 2003). When that approach proved unsuccessful, *see id.* at 3, Kalodner filed suit against Movants and several other crude oil claimants, seeking the same common fund fee he was simultaneously seeking from the government. *See Kalodner v. Public Service Gas & Electric Co.*, No. 04-152 (HHK). Judge Kennedy dismissed that case and Kalodner appealed. *Consolidated Edison Co. v. Bodman*, 445 F.3d 438 (D.C. Cir. 2006).

On appeal, Kalodner's case against Movants was remanded to Judge Kennedy, *see id.* at 460. Rather than pursue that litigation, however, Kalodner opted instead to file another lawsuit – the instant case – naming as defendants both the Department of Energy and the crude oil claimants who are also defendants in No. 04-152. Movants here filed for dismissal of this case, on the grounds that the Complaint was (i) duplicative of the claims in 04-152 (a fee claim for work on the case known as ConEd IV); (ii) precluded by the Court of Appeals' decision in *Consolidated Edison Co. v. Bodman*, (relating to Kalodner's fee claim for work on ConEd V); and (iii) completely unjustified under the law (in that it requested a fee for work on ConEd VI).

Contemporaneously with the filing of the Motion to Dismiss, Movants served this Motion on Kalodner as required by Fed.R. Civ.P. 11(c)(1)(A).[1] That section of Rule 11 requires that, before a sanctions motion can be filed with the court, it must be served on the offending party affording that party a period of at least 21 days to

---

[1] A copy of Movant's transmittal package to Kalodner is attached as Exhibit A.

2

withdraw the challenged paper and avoid sanctions. Kalodner refused to withdraw the Complaint: he did not avail himself of the safe harbor.

This Court granted the Motion to Dismiss, see *Kalodner v. Bodman*, No. 06-818, Slip Op. (D.D.C. Dec. 18, 2006), holding that the ConEd V claim had been decided against Kalodner by the Court of Appeals (the Court of Appeal's ruling could "not be more clear," *id.* at 6), that the ConEd IV claim was duplicative of a Kalodner case before Judge Kennedy (the claims are "identical", *id.*), and that, as to the ConEd VI claim, there was "no basis upon which to award Mr. Kalodner a common fund fee...," *id.* at 8.

Kalodner filed a motion to amend that judgment under Rule 59(e), which was denied in a brief opinion in which the Court wrote that Kalodner "merely reargues points previously made and decided adversely" and that he failed to meet the requirements of Rule 59(e). S*ee Kalodner v. Bodman*, No. 06-818, Slip op. at 1 (D.D.C. March 5, 2007). The Court also again pointed out that it "cannot ignore the controlling law" as Kalodner urged. *Id.* at 2.

## RULE 11 STANDARD

"The central purpose of Rule 11 is to deter baseless filings in district court . . .". *Marina Management Service, Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C. Cir. 2000) (internal citations omitted). This is achieved by requiring an attorney or unrepresented party (and Kalodner, though acting pro se here, is an attorney) to certify, among other issues, that a pleading or other paper:

> (1) . . . is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

3

> (2) the claims, defenses, and other legal contentions therein
> are warranted by existing law or by a nonfrivolous argument
> for the extension, modification, or reversal of existing law or
> the establishment of new law....

Fed.R.Civ.P. 11(b). Admittedly, Rule 11 seeks to strike a careful balance. On the one hand, the Rule is intended to "reduce frivolous claims, defenses, or motions, and . . . deter costly meritless maneuvers," *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (internal citations omitted). At the same time, Rule 11 must also preserve the ability of parties and their counsel to "diligently and zealously pursue the interests of [a] client within the bounds of the law." *Taylor v. Blakey*, 2006 WL 279103 (D.D.C. Feb. 6, 2006). Kalodner has passed well beyond zealous advocacy to meritless maneuvers.

Sanctions available under Rule 11 include "directives of a nonmonetary nature, an order to pay a penalty into court, or ...an order directing payment...of some or all of the other party's reasonable attorneys' fees and other expenses." *Hobley v. KFC U.S. Properties, Inc.* 2007 U.S. Dist. LEXIS 7203 at *5 (D.D.C. Feb. 1, 2007) (citing Rule 11). "Directives of a nonmonetary nature" may involve court-ordered restrictions on future filings. *See, e.g., Manwani v. Brunelle*, 1995 U.S. App. Lexis 39938 at *5 (2nd Cir. Dec. 8, 1995). Alternately, courts will issue warnings against future frivolous filings. *See, e.g., Hobley*, 2007 U.S. Dist. LEXIS 7203 at *3; *Hughes v. McMenamon*, 379 F.Supp.2d 75, 81 (D. Mass. 2005). For the reasons presented below, such sanctions are warranted in this case.

4

## **ARGUMENT**

The Complaint in this action is, in totality, frivolous. Moreover, each of the three claims in the Complaint are precisely what Rule 11 is designed to deter — repetitious re-filing of rejected claims, duplicative filings, and making claims that come nowhere near meeting the requisite legal standard. All that is necessary to substantiate these conclusions is a brief review of Kalodner's claims and the decisions responding to those claims by this Court and the Court of Appeals.

**A.    The Fee Claim for ConEd V was Precluded; Kalodner's Attempts to Ignore the Court of Appeals and Relitigate the Issue Violate Rule 11.**

The Court of Appeals, after extensive discussion, unanimously rejected Kalodner's ConEd V claim against Movants as a matter of law:

> . . . Kalodner's claim against the beneficiaries [including Movants] . . . for ConEd V (claim 6) fails for lack of causation.

*Consolidated Edison Co. v. Bodman*, 445 F.3d at 458. Kalodner then petitioned the Court of Appeals for rehearing of that decision, arguing extensively that the Appeals Court erred in its holding (but acknowledging that the appellate decision "eliminates the possibility" of a fee award based on ConEd V). *See Kalodner v. Public Service Electric & Gas Co.*, Combined Petition for Panel Rehearing at 14-16, D.C. Cir. No. 05-7009 (filed May 30, 2006). The Court of Appeals denied the petition by Order dated July 25, 2006. The Complaint in this case, which raises the identical, rejected, ConEd V claim again, was filed May 3, 2006 — before the petition for rehearing was either

5

filed or denied.[2]  This Court then denied the ConEd V claim for the third time in ruling on the Motion to Dismiss, and for the fourth time in deciding Kalodner's Rule 59(e) motion.

Repeated filing of rejected claims presents a situation where courts have not hesitated to impose sanctions.  *See, e.g., Hughes v. McMenamon*, 379 F.Supp.2d 75, 78 (D. Mass. 2005)  (imposing sanctions on a plaintiff who re-filed, for a third time, claims that were "nothing more than a rehash...of frivolous allegations that [had] already been rejected..."). This is especially true when the refiled claim is precluded. In *Taylor v. Blakely*, 2006 WL 279103 (D.D.C. Feb. 6, 2006), this Court wrote:

> The doctrine of res judicata quite simply precludes the plaintiff's case in this court.  The court concludes that the lawsuits are identical, ... no supervening change in the law has occurred, and the court wonders how plaintiff's counsel does not know that plaintiff's claims are 'unwarranted by existing law,' the requisite for the imposition of sanctions under Rule 11.

*Id.* at *7.  Rule 11 does not excuse the repeated refiling of precluded claims merely because a party disagrees with the adverse decision of a court, and so Kalodner's refiling of his ConEd V claim is clearly sanctionable.

**B.    The Fee Claim for ConEd IV was Duplicative; Kalodner's Re-Filing of the Claim Violates Rule 11 as Improper and Frivolous.**

The ConEd IV claim was dismissed by this Court in a few brief sentences because it is duplicative of the 04-152 Complaint. *See Kalodner v. Bodman*, No. 06-818, Slip Op. at 6 (D.D.C.  Dec. 18, 2006).  Although Kalodner attempted to argue minute

---

[2] This sequence well illustrates the Court of Appeals' characterization of Kalodner as "trigger-happy." *Consolidated Edison Co. v. Bodman*, 445 F.3d 438, 459 (D.C. Cir. 2006).

6

differences in the form of the relief requested in the two cases, he did not deny that they contained the same claims. *See* Pl's Br. Opp. Cl-Def.'s Mot. to Dismiss at 11-13.

It thus appears that the reason for this duplicative re-filing (harassment aside), is that Kalodner prefers not to be before Judge Kennedy. Judge shopping is undoubtedly an "improper purpose" under Rule 11(b)(1). *See Lane v. City of Emeryville*, 1995 U.S. App. LEXIS 11629 (9th Cir. May 16, 1995). Further, "the Court is not required to delve into the attorney's subjective intent in filing his papers; Rule 11 incorporates an objective standard. Improper purpose may be shown by excessive persistence in pursuing a claim..." *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690-91 (M.D.Fl. 1992); *see also Hobley v. KFC U.S. Properties, Inc.*, 2007 U.S. Dist. LEXIS 7203 (D.D.C. Feb. 1 2007) (objective standard applies equally to pro se parties).

Moreover, motive apart, a filing which "frustrate[s]...and...vexatiously multiplies the proceedings" (as duplicative filings by their nature must do) is sanctionable under Rule 11. *Blakey*, 2006 WL 279103 at *8 (internal citation omitted). This point is reinforced in *Manwani v. Brunelle*, 1995 U.S. App. LEXIS 39938 (2nd Cir. Dec. 8, 1995). In that case, plaintiff had repeatedly sued several private parties and the government in connection with claims concerning plaintiff's securities trading activities. After reviewing the facts, the Second Circuit concluded that:

> Plaintiff has provided no reasonable explanation of how his present claims against the private parties differ from those he has previously asserted. The instant action simply seeks to avoid the district court's previous orders by filing a fresh complaint....Despite Manwani's pro se status, given his history of frivolous and vexatious litigation, we cannot say that the district court abused its discretion in dismissing the lawsuit and awarding these sanctions. The district court also did not abuse its discretion in restricting

7

>   Manwani's future access to the courts regarding this matter.

*Id.* at *5. With the simple substitution of "Kalodner" for "Manwani" the Second Circuit's opinion here provides a template for dealing with Kalodner's baseless and unwarranted claims, which undoubtedly rise (or sink) to a level sanctionable under Rule 11.

### C.  The Fee Claim for ConEd VI Violates Rule 11 Because it was Completely Unwarranted by Both the Record and Existing Law

This Court unequivocally concluded that Kalodner's claim for a common fund fee for his alleged efforts in ConEd VI had no basis in either the law or the record. *See Kalodner v. Bodman*, No. 06-818, Slip Op. at 7-8 (D.D.C. Dec. 18, 2006) ("There is simply no indication that ConEd VI obtained any additional value for the fund claimants, let alone that it 'created, preserved, or increased the value of the fund...'" *Id.* at 8 (internal citation omitted)). This is a classic example of a legal contention that is not warranted by existing law and thus violates Rule 11(b)(2). *See, e.g., Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that that is based on a legal theory that has no reasonable chance of success...").

### CONCLUSION AND RELIEF REQUESTED

"Rule 11 serves the purpose of protecting the Court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Taylor v. Blakey*, 2006 WL 279103 at *6 (D.D.C. Feb. 6 2006). Here that protection is appropriate and necessary not only to

the Court, but also to the Movants. Kalodner has shown no inclination to accept adverse rulings from this Court or the Court of Appeals, or to exercise any restraint in filing new cases.[3] Based on this pattern, Movants fear that, unless this Court takes decisive action as allowed by Rule 11, they will be subjected to never-ending litigation of claims that Kalodner has repeatedly lost but is unable to give up, and to new litigation of baseless claims as novel but unsupportable ideas occur to Kalodner.

The burden of defending these lawsuits has already fallen heavily – and disproportionately – on Movants and the other claimants that Kalodner has singled out for his litigious attentions.[4] Movants are only three of the approximately 30,000 crude oil claimants still owed refunds by the DOE, and have only a tiny interest in the crude oil funds at issue. Movants have been represented by undersigned counsel for some 20 years; they do not and have not relied on Kalodner. The legal time Movants' undersigned attorneys have expended in Kalodner-initiated litigation in the last three years is already far greater than any possible future recovery. Kalodner has made Movants, true bystanders, into victims. At a minimum, Movants should be protected from further baseless litigation.

Movants therefore request that this Court direct Kalodner to cease filing

---

[3] Kalodner's penchant for re-litigating cases was recognized by the Court of Appeals with the statement that "preclusion issues abound." *Consolidated Edison Co. v. Bodman*, 445 F.3d 438, 445 (D.C. Cir. 2006).

[4] Ironically, despite Kalodner's insistence that only he has provided adequate legal counsel to the crude oil claimants, Movants have apparently been selected for this unwanted distinction due to the involvement and experience of their counsel in the crude oil refund proceedings. *See, e.g.* Pl.'s Mem. in Support of Mot. for Class Certification (filed Nov. 3, 2006) at 29; *Consolidated Edison v. Abraham*, D.D.C. No. 01-548, Mot. to Add Parties as Respondents at 4 (Oct. 8, 2003).

repetitive and frivolous lawsuits against undersigned Movants and others, and impose nominal monetary sanctions on Kalodner for his failure to comply with Rule 11.

                      Respectfully submitted,

*/s/ Alison B. Macdonald*
Stanley O. Sher, D.C. Bar # 11924
Alison B. Macdonald, D.C. Bar # 475079
SHER & BLACKWELL LLP
1850 M Street, N.W., Suite 900
Washington, D.C. 20036
Tel: 202-463-2500
Fax: 202-463-4950
Attorneys for Defendants/Movants
General Council on Finance and
Administration of the United
Methodist Church;
Seagroup, Inc;
Zim Integrated Shipping Services, Ltd.

March 9, 2007

10