EXHIBIT A



**Sher Blackwell**
ATTORNEYS AT LAW

Suite 900 • 1850 M Street, N.W. • Washington, D.C. 20036
Telephone: 202.463.2500 • Facsimile: 202.463.4950 • www.sherblackwell.com

A LIMITED LIABILITY PARTNERSHIP

Writer's Direct Dial No.
(202) 463-2501

October 5, 2006

Philip P. Kalodner, Esq.
208 Righters Mill Road
Gladwyne, PA 19035

Re:     _Kalodner. v. Bodman, et al._, Civil Action No. 06-0818 (RMC)

Dear Mr. Kalodner,

Enclosed you will find a copy of our Motion for Sanctions under Rule 11. Fed.R. Civ. P. 11(c)(1)(A) provides a 21 day "safe harbor" during which a challenged claim may be withdrawn before the motion for sanctions is filed with the court.

Please contact me if you have any questions concerning this Motion.

Sincerely,

Stanley O. Sher

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PHILIP P. KALODNER )<br>      Plaintiff )<br>)<br>    v. )<br>)<br>)<br>BODMAN, ET AL. )<br>      Defendants )<br>) | CIVIL ACTION NO.<br>1:06CV00818 (RMC) |

## MOTION OF GENERAL COUNCIL ON FINANCE AND ADMINISTRATION OF THE UNITED METHODIST CHURCH, ZIM INTEGRATED SHIPPING SERVICES, LTD.FOR SANCTIONS UNDER RULE 11

Undersigned defendants hereby move pursuant to Rule 11 of the Federal Rules of Civil Procedure for the imposition of sanctions against pro se Plaintiff Philip P. Kalodner.  In filing this case, Plaintiff is subjecting undersigned defendants and this Court to the frivolous relitigation of his claim for a common fund attorney's fee. Undersigned defendants' memorandum of Points and Authorities in Support of Motion to Dismiss, attached hereto as Exhibit A, discusses in depth why Plaintiff's claim is improper and not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.  In essence:

(1)  Plaintiff's request for a common fund fee from private claimants (including undersigned defendants), based on his alleged victory in *Consolidated Edison Co. v. Abraham*, 271 F. Supp.2d 104 (D.D.C. 2003), is pending before Judge Kennedy, see *Kalodner v. Public Service Electric & Gas*, No. 04-00152, (D.D.C.).  There is no need for Plaintiff to bring this concurrent action; his motives in doing so must therefore be objectively seen as improper.

(2) Plaintiff's claim for a common fund fee based on his litigation in *Consolidated Edison Co. v. Abraham*, Nos. 03-1991/ 05-0024 (D.D.C) has been

litigated and definitively decided (against Plaintiff) in *Consolidated Edison v. Bodman*, 445 F.3d 438, 457-58 (D.C. Cir. 2006). Plaintiff is therefore precluded from relitigating this issue, and his attempt to do so violates Rule 11.

(3) Finally, Plaintiff's claim for a common fund fee based on his litigation of *Consolidated Edison Co. of New York v. Bodman*, No. 05-816 (D.D.C.) (dismissed as moot) (dismissal *summarily aff'd* as *Consolidated Edison Co. v. Bodman*, No. 06-5101, (D.C. Cir. Aug. 7, 2006)) is baseless. A party seeking a common fund fee must create, preserve or increase a fund. *See Shalala v. Swedish Hospital*, 1 F.3d 1261, 1265 (D.C. Cir. 1993). Plaintiff did none of these things. The claim can only be regarded as frivolous and in violation of Rule 11.

WHEREFORE, undersigned defendants respectfully request that this Court direct Plaintiff to cease filing repetitive and frivolous lawsuits against undersigned Defendants and others, and award sanctions in the form of costs and attorneys' fees incurred by undersigned defendants in this action.

Respectfully submitted,

Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079
SHER & BLACKWELL LLP
1850 M Street, N.W., Suite 900
Washington, D.C. 20036
Tel: 202-463-2500
Fax: 202-463-4950
Attorneys for Defendants
General Council on Finance and
Administration of the United
Methodist Church;
Seagroup, Inc.;
Zim Integrated Shipping Services, Ltd.

October 5, 2006

**CERTIFICATE OF SERVICE**
**AND COMPLIANCE WITH FED. R. CIV. P. 11(c)(A)**

I hereby certify that a true and accurate copy of the foregoing Motion of

General Council on Finance and Administration of the United Methodist

Church, Zim Integrated Shipping Services, Ltd. for Sanctions Under Rule 11

has been served on the following this 5th day of October 2006:

**By Federal Express:**

Philip P. Kalodner, Esq.
208 Righters Mill Road
Gladwyne, PA  19035

**By US Mail, postage prepaid:**

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Stephen C. Skubel
Ada L. Mitrani
U.S. Dept. of Energy
Office of the General Counsel, GC-32
1000 Independence Ave. SW
Washington DC 20585

Michael F. Healy
Morgan Lewis & Bockius LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004

Alison B. Macdonald

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHILIP P. KALODNER )<br><br>Plaintiff )<br><br>v. )<br><br>BODMAN, ET AL. )<br><br>Defendants ) | CIVIL ACTION NO.<br>1:06CV00818 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd.[1], and Florida Power Co. have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint (the "Complaint") filed by plaintiff Kalodner in this case on the grounds that it fails to state a claim on which relief can be granted.

**BACKGROUND**

This is but the latest in the apparently never-ending series of actions brought by Kalodner in connection with crude oil refund proceedings at the Department of Energy ("DOE"). The history of these cases was recently described by the Court of Appeals for the District of Columbia Circuit as "long and tortured." *Consolidated Edison Co. of New York v. Bodman*, 445 F.3d 438, 443 (D.C. Cir. 2006) (compiling cases). In the context of this Motion, however, two points of this history merit emphasis. First, while plaintiff and his clients have brought a mind-numbing number of lawsuits over the crude oil refunds and Kalodner's fee demands, they have been

---

[1] Named in the Complaint as Zim Israel Navigation Co., the company's former name.

- 2 -

unsuccessful in virtually every case. *See id.* (collecting cases). Second, this litigation now has a recurring theme: Kalodner continues to seek to relitigate issues that he has lost. This trend has been noticed by courts forced to deal with these claims. *See, e.g., id.* at 445 ("preclusion issues abound"); *Consolidated Edison Co. v. Abraham*, Nos. 03-1991/ 05-0024, slip op. at 5 (D.D.C. Feb. 15, 2005) (claim is foreclosed by the "law of the case" doctrine). The instant action continues and exacerbates this disturbing pattern: Kalodner's Complaint is not only duplicative, but seeks to relitigate issues decided against him by this Court and the Court of Appeals. The Complaint should be dismissed.[2]

## SUMMARY OF THE THREE CLAIMS
## RAISED IN THE COMPLAINT IN THIS ACTION

There are no facts in dispute. This Motion to Dismiss can be decided on two pleadings: the Complaint in this action and the Amended Complaint in an earlier case, which was filed on March 9, 2004, by Kalodner against the same undersigned defendants and is presently pending before Judge Kennedy (*Kalodner v. Public Service Electric & Gas*, No. 04-152 (D.D.C.)) (Amended Complaint attached as Appendix I).

Kalodner's Complaint in this case bases his fee claim on "three successive actions" which he previously brought, and which he labels "Con Ed IV", "Con Ed V" and "Con Ed VI." Compl. at 38-39. (Con Ed IV is *Consolidated Edison Co. v. Abraham*,

---

[2] In addition to these fatal flaws, the Amended Complaint fails to comply with Fed.R.Civ.P. 8(a)(2) and 8(e)(2), which require that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading shall be simple, concise, and direct." The Complaint is forty-four pages long — repetitive, argumentative, replete with polemic and conclusions, and containing virtually no factual statements which can be admitted or denied. The Complaint does not even contain essential jurdistional or venue allegations for any defendant.

- 3 -

271 F. Supp.2d 104 (D.D.C. 2003); Con Ed V is *Consolidated Edison Co. v. Abraham*, Nos. 03-1991/ 05-0024 (D.D.C.); and Con Ed VI is *Consolidated Edison Co. v. Bodman*, No. 05-816 (D.D.C.)).

As to Con Ed IV, Kalodner claims a common fund fee based on his alleged victory in obtaining a declaratory judgment against DOE pertaining to crude oil refunds. This precise issue is currently open on remand before Judge Kennedy in *Kalodner v. Public Service Electric & Gas*, No. 04-152 (D.D.C.). *See* Appendix I at ¶1. In both that case and the instant case, the plaintiff is the same (Kalodner), the undersigned defendants are identical and the claim is for a common fund fee arising from Kalodner's role in Con Ed IV. The Court of Appeals considered Kalodner's claim to a fee based on both Con Ed IV and Con Ed V in *Consolidated Edison v. Bodman*, 445 F.3d 438 (D.C. Cir. 2006), remanding the Con Ed IV-based claim to the district court for consideration of preclusion issues and a "limited hearing or discovery for purposes of determining the causal effect of Con Ed IV." *Id*. at 459.

As to Con Ed V, a mandamus action to force distribution of the crude oil refunds by DOE, Kalodner claims a common fund fee based on DOE's agreement to "change its methodology for distribution," Compl. at 39. The Court of Appeals denied this claim. *Id. at* 457-58.

Finally, Kalodner claims he is entitled to a common fund fee for causing the immediate distribution of crude oil refunds in Con Ed VI (a second mandamus action to speed distribution). The claim was dismissed by this Court as moot (*see Con Ed VI*, No. 06-0816, slip op. at 1 (D.D.C March 2, 2006) (*summarily aff'd* as *Consolidated Edison Co. v. Bodman*, No. 06-5101, (D.C. Cir. Aug. 7, 2006)) (attached as Appendix II).

- 4 -

## ARGUMENT

The Complaint in this action should be dismissed as to the undersigned defendants.[3]  Con Eds V and VI have been decided adversely to Kalodner as a matter of law by the Court of Appeals.  This Court (as well as Kalodner) is bound by those decisions.  The Con Ed IV claim is duplicative of an identical claim already filed by Kalodner against the same defendants and presently pending before Judge Kennedy.

A 12(b)(6) Motion to Dismiss must be granted when "the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Sullivan-Obst v. Powell*, 300 F.Supp.2d 85, 91  (D.D.C. 2004) (internal citations omitted).  As will be shown below, Kalodner is barred from receiving the relief he seeks.

### I.    KALODNER'S CLAIM AS TO CON ED V MUST BE DISMISSED AS PRECLUDED

Kalodner's Con Ed V claim against defendants alleged in the instant Complaint was decided against him earlier this year. The Court of Appeals unanimously held:

> Kalodner's claim against the beneficiaries [defendants
> here] . . . for Con Ed V . . . fails for lack of causation.

*Consolidated Edison v. Bodman*, 445 F.3d 438, 459 (D.C.Cir. 2006).  The Court of Appeals, in detail, reviewed and rejected Kalodner's claim for a common fund fee based on Con Ed V.  *Id.* at 456-459.

---

[3] The government has filed a motion to dismiss the Complaint as to the government defendants on the grounds of lack of jurisdiction, preclusion, and sovereign immunity.  These arguments are separate from those raised by undersigned defendants, although there is some overlap as concerns preclusion.

- 5 -

The Appeals Court later denied Kalodner's request for rehearing without comment. *See Kalodner v. Public Service Electric & Gas Co.*, No. 05-7009 (D.C.Cir. Order filed July 25, 2006).

Under the basic principles of claim preclusion and issue preclusion, Kalodner cannot relitigate this issue. The Court of Appeals has decided it. It is final. "A final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *see also Aeronautical Radio, Inc. v. FCC*, 983 F.2d 275, 281 (D.C.Cir. 1993); *Beverly Health & Rehabilitation Servs., Inc. v. NLRB*, 317 F.3d 316, 322 (D.C. Cir. 2003). More broadly, the doctrine of stare decisis requires this Court to follow the ruling of the Court of Appeals, as "an appellate court and lower courts bound by that court's decision abide by an appellate court's decision unless it has been reversed by the same court sitting *en banc* or by the Supreme Court." *Anselmo v. King*, 902 F.Supp. 273, 276 n.2 (D.D.C. 1995).

The Circuit Court's conclusion that Kalodner has no claim against the defendants for Con Ed V therefore stands as the established law of this Circuit. Kalodner's effort to recover against the beneficiaries for Con Ed V is foreclosed. For this reason, the Complaint must be dismissed as to Con Ed V.

## II.    THERE CAN BE NO COMMON FUND FEE AWARDED FOR KALODNER'S WORK IN CON ED VI

Kalodner's common fund claim in the instant case is also based on his efforts in *Consolidated Edison v. Bodman*, D.D.C. No. 06-0816 ("Con Ed VI"). Compl. at 39-40. In Con Ed VI, Kalodner sought to have this Court order DOE to do what it had already agreed to do: distribute the crude oil refunds. This Court dismissed Con Ed VI as

- 6 -

moot.  See *Consolidated Edison v. Bodman*, No. 05-0816, slip op. at 1 (D.D.C. March 2, 2006)  (also rejecting Kalodner's fee claims). That dismissal was summarily affirmed by the Court of Appeals for the District of Columbia, which specifically held that "appellants did not obtain court-ordered relief in Con Ed VI." *Consolidated Edison v. Bodman*, No. 06-5101 (D.C.Cir. Order dated August 7, 2006) (attached as Appendix II).

Because, as both this Court and the Court of Appeals found, Kalodner accomplished nothing in Con Ed VI, that decision cannot, as a matter of law, support a common fund fee claim. The law requires, among other factors, that a party seeking such a fee must create, preserve or increase a fund.  *See Swedish Hospital Corp. v. Shalala,* 1 F.3d 1261, 1265 (D.C. Cir. 1993).  Con Ed VI was not a legal victory.  Any claim based on Con Ed VI must therefore be dismissed.

**III.    KALODNER'S CLAIMS AS TO CON ED IV MUST BE DISMISSED AS DUPLICATIVE**

As explained above, Kalodner is claiming a fee against the undersigned defendants in this action and in the action before Judge Kennedy on precisely the same ground: the declaratory judgment decision known as Con Ed IV. A review of the complaints in this case and the case before Judge Kennedy (Appendix I) suggests that, in preparing the Complaint in the instant case, Kalodner has simply recycled the Amended Complaint that he filed two years earlier, but embellished it with additional arguments.

It is axiomatic that the same plaintiff cannot maintain the identical action against the same defendants in two different actions in the same court.  The common sense proposition is that, "as between federal district courts...the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United*

- 7 -

*States*, 424 U.S. 800, 817 (1976) (discussing distinction between state/federal and federal/federal duplication).

Even in situations less redundant than this one, such as cases where duplicative litigation is filed in different federal courts, the law is clear that such duplication needlessly wastes the time and resources of both the parties and the courts. In *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952), C-O-Two brought a patent infringement claim in federal court in Illinois against Acme Equipment Co. Acme's supplier, Kerotest, then brought suit in federal court in Delaware seeking to enjoin the Illinois proceeding and obtain a declaratory judgment that the fire extinguishers it manufactured did not infringe on C-O-Two's patents. Kerotest was later joined as a defendant in the Illinois action. Kerotest sought a stay of the Illinois proceedings, which the Third Circuit refused, asking: "Why, under the circumstances, should there be two litigations where one will suffice?" *Kerotest Mfg. Co. v. C-O-Two Equip. Co.*, 189 F.2d 31, 34 (quoted in 342 U.S. at 183.) The Supreme Court upheld the Third Circuit finding that the litigation should proceed exclusively in Illinois. *Kerotest*, 342 U.S. at 183.

The D.C. Circuit, in addressing a situation similar to *Kerotest* in which claims were filed in two separate federal district courts, held that the second claim should have been filed as a mandatory counterclaim. The court concluded that "Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." *Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975).

- 8 -

The instant case is, of course, different from *Kerotest* and *Columbia Plaza*. Here, the duplicative cases have been filed by the same party in the same – not a different – court. These circumstances only make the general principle of avoiding duplicative litigation more applicable and require dismissal of the duplicative claim.

## **CONCLUSION**

For all the foregoing reasons, the undersigned defendants respectfully request that this Court dismiss the amended Complaint as a matter of law pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,


Michael F. Healy Bar #940221

MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington D.C. 20004
(202) 739-3000

Counsel for defendants
Public Service Electric & Gas Co.;
Eastman Chemical Co.; General
Motors Corp.; and Florida Power Co.


Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079

SHER & BLACKWELL LLP
1850 M Street, N.W.
Suite 900
Washington, D.C. 20036
Tel: 202-463-2500
Fax: 202-463-4950

Counsel for defendants
General Council on Finance and
Administration of the United
Methodist Church; Seagroup, Inc.; and
Zim Integrated Shipping Services Ltd.


October 5, 2006

## CERTIFICATE OF SERVICE

I, Alison B. Macdonald, hereby certify that copies of the foregoing Motion to Dismiss and accompanying Memorandum of Points and Authorities of Defendants Public Service Electric & Gas Co., Eastman Chemical Co., General Motors Corp., Seagroup, Inc., General Council on Finance and Administration of the United Methodist Church, Zim Integrated Shipping Services, Ltd., and Florida Power Co. was served this 5th day of October, 2006, by sending true copies thereof by first class U.S. mail, postage prepaid, to the following parties:

Philip P. Kalodner, Esq.
208 Righters Mill Road
Gladwyne, PA  19035

John R. Low-Beer, Esq.
Asst. Corporation Counsel
City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Stephen C. Skubel
Ada L. Mitrani
U.S. Dept. of Energy
Office of the General Counsel, GC-32
1000 Independence Ave. SW
Washington DC 20585

Alison B. Macdonald