IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| PHILIP P. KALODNER : | |
| : | |
| Plaintiff : | |
| : | |
| V. : | |
| : | CIVIL ACTION NO. |
| SAMUEL BODMAN ,Secretary of Energy,: | |
| United States; GEORGE B. BREZNAY : | No. 1:06-cv-00818(RMC) |
| Director, Office of Hearings and : | |
| Appeals; : | |
| : | |
| AND : | |
| : | |
| PUBLIC SERVICE ELECTRIC & GAS CO.; : | |
| EASTMAN CHEMICAL COMPANY; GENERAL : | |
| MOTORS CORPORATION; SEAGROUP, INC. : | CLASS ACTION |
| GENERAL COUNCIL ON FINANCE AND : | |
| ADMINISTRATION OF THE UNITED : | |
| METHODIST CHURCH; CITY OF NEW YORK;: | |
| ZIM ISRAEL NAVIGATION CO. LTD; : | |
| FLORIDA POWER CORPORATION : | |
| : | |
| Defendants : | |
| : | |

---

PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS UNDER RULE 11

FILED BY GENERAL COUNCIL ON FINANCE AND ADMINISTRATION OF THE

UNITED METHODIST CHURCH AND ZIM INTEGRATED SHIPPING SERVICES LTD

Two of the ten named defendants, represented by one of the four sets of attorneys representing defendants, have filed a motion for the imposition of sanctions on pro se plaintiff Philip P. Kalodner for filing the Complaint in the instant action which

1

this Court has recently dismissed, a dismissal which will be appealed both to the Court of Appeals for the District of Columbia Circuit and the Court of Appeals for the Federal Circuit. (Appeals to two different Courts of Appeals are required because one issue is within the exclusive appellate jurisdiction of the Federal Circuit, while the others are only within the jurisdiction of the D.C. Circuit.)

Neither the six other defendant claimants represented by two sets of attorneys nor the federal defendants have joined in the motion for sanctions.


I   THE BASIC ARGUMENT PROFFERED FOR IMPOSITION OF SANCTIONS-- THAT PLAINTIFF HERE SOUGHT TO "RELITIGATE" A CLAIM-- IS UNTRUE; PLAINTIFF'S CLAIM FOR A COMMON FUND FEE AS AGAINST CLAIMANTS HAS NOT YET BEEN LITIGATED, AND THE PURPOSE OF THE INSTANT COMPLAINT WAS TO CREATE A FORMAT FOR SUCH LITIGATION WHICH ACTUALLY WOULD HAVE BENEFITTED THE CLAIMANT DEFENDANTS

The basic premise of the motion for sanctions-- that "Plaintiff is subjecting undersigned defendants and this Court to the frivolous relitigation of his claim for a common fund attorney's fee" (Motion, p. 1, emphasis supplied)-- is manifestly untrue.

The claim against the claimant defendants for a common fund fee has not as yet been litigated.

2

Indeed, the dismissal of that claim in the action in which it was initially made, Kalodner v. Public Service Electric & Gas Co., 04-0152 (HHK) D.D.C., has been reversed and the matter remanded to this Court for a determination of the merits of the claim by the Court of Appeals for the District of Columbia Circuit (Consolidated Edison Co. v. Bodman, 445 F.3d 438 (D.C. Cir. 2006).

Most importantly, the maintenance of the instant action, together with the requested consolidation of it with the remanded 04-0152 (HHK) action and the remanded action in Consolidated Edison Co. V. Bodman, 03-1991(RMC) D.D.C., would not only not have "subjected" the claimant defendants to additional litigation, but would have benefitted them.

It would have benefitted the claimant defendants by subjecting them to Kalodner's claim for a common fund fee on funds already distributed to them (89.5% of the available funds) only if Kalodner was unsuccessful in obtaining such a common fund fee from the 10% which the Department of Energy has withheld from the distribution to claimants specifically for such purpose.

Instead, the effect of the dismissal of the instant action is to subject the claimant defendants to the possibility that (i) they will be ordered to pay a common fund fee of 10% of the 89.5% already received, and (ii) will either be deprived of the withheld 10.5% by the Department of Energy ("DOE") on the basis

that it is too small an amount for it to be practicable to make distribution (particularly if the delay in distribution requires additional claimant verification), or in any event will face a delay in distribution of such 10.5%.

In sum, the claimants would have been far better off had the instant Complaint not have been dismissed and had the accompanying motion for consolidation been granted.

Sanctions are surely not appropriate for the filing of an action which would have benefitted those who seek such sanctions.


II    SANCTIONS ARE NOT APPROPRIATE WHERE, AS HERE, THE ACTION FOR WHICH SANCTIONS ARE SOUGHT WOULD HAVE SERVED THE INTERESTS OF JUDICIAL EFFICIENCY, AND AVOIDED THE POSSIBILITY OF INCONSISTENT JUDICIAL DECISIONS BY SEPARATE JUDGES

The maintenance of the instant action and its consolidation with the remanded 03-1991 and 04-0152 actions would have benefitted this Court by substituting one action before one Judge for what will now be litigation of the same issue before two Judges, with the resulting certainty of the waste of judicial resources and the real possibility of inconsistent rulings on either discovery matters or as to the amount of a common fund fee, or both.

It is correct that the effect of the consolidation would have been the determination of this matter by the Judge most

familiar with it, Judge Collyer, but such hardly seems undesirable. If, as the claimant defendants seeking sanctions seem to believe (by asserting plaintiff is "judge shopping", (Movants' Memorandum at 7) they believe Judge Collyer is biased against them, they may seek her disqualification.

Surely, sanctions are not properly sought for the filing of an action which would have served the interest of judicial efficiency and would have avoided the possibility of inconsistent rulings.

The egregious nature of the assertion by movants that Kalodner was here "judge-shopping" (Movants' Memorandum at 7) is appropriately further discussed briefly because it is typical of the movants' unjustified charges:

1. The instant Complaint was properly filed as a related case to 03-1991 (RMC) which had been ordered remanded to this Court, 05-0024(RMC), and 04-0152(HHK), and was properly assigned by the Clerk pursuant to this Court's Local Rule 40.5 ( c) to Judge Rosemary Collyer, the "judge to whom the earliest related case is assigned." No objection to such assignment was made by the movants, their fellow claimant defendants or the federal defendants.

2. The Motion to Consolidate the 06-0818 (RMC) and 04-0152(HHK) actions with the earlier filed action in 03-1991 (RMC) was assigned to Judge Collyer by Local Rule 40.5 (d).

Thus, the assignment to Judge Collyer was not by virtue of plaintiff's actions but instead by virtue of, and pursuant to, this Court's rules.

Such is certainly not "judge-shopping."

The situation here is in sharp contrast to that presented in the case relied upon by movants, <u>Lane v. City of Emeryville</u>, 1995 U.S. App. LEXIS 11629, where, evidently to obtain another Judge, plaintiff voluntarily "dismissed her first action and then filed a second identical complaint... both the dismissal and the second complaint were dated on the same day."


III   <u>SANCTIONS ARE NOT APPROPRIATE WHERE, AS HERE, THE CLAIMS</u>
<u>ASSERTED IN THE COMPLAINT ARE INDEED "WARRANTED BY EXISTING LAW",</u>
<u>PARTICULARLY WHERE, AS HERE, THEIR ITERATION IN THE COMPLAINT IS</u>
<u>OF BENEFIT TO THE CLAIMANTS SEEKING IMPOSITION OF SANCTIONS</u>

As plaintiff has argued to this Court in briefing on the claimants' motion to dismiss and on plaintiff's Rule 59 (e) motion to amend judgment (to which the Court's attention is respectfully requested), and as he will argue to the Courts of Appeals, each and every basis for his claim in the instant Complaint is "warranted by existing law" (Rule 11 (b) (1)):

1. Reiteration in the instant Complaint of Kalodner's success in obtaining a declaratory judgment in <u>Consolidated Edison Co. v. Abraham</u>, 01-0548(RMC) ("<u>Con Ed IV</u>") as a basis for

a common fund fee is warranted for at least two reasons:

(a) a common fund fee is sought here only as against claimants who have received an 89.5% distribution, rather than against all claimants as it was in the remanded 04-0152, and is sought here against the claimants from funds received, while in 04-0152 it was sought only from funds held by the DOE; and

(b) a common fund fee is sought here on the basis of <u>Con Ed IV</u> from claimants only in the event it is not obtained from the DOE withheld funds, while in 04-0152 claimants might be required to pay the fee from funds already distributed, without a prior determination as to whether it is more appropriately paid from the 10% withheld from distribution by DOE for such purpose.

Absent this action and its consolidation with the remanded 03-1991 and 04-0152 actions, there is a possibility that the claimants will have the worst of all possible worlds-- be required to pay a common fund fee to Kalodner while the DOE continues to hold the 10% reserved for the payment of such fee.

Moreover, although as will be argued below, Kalodner's success in the two actions brought subsequently to <u>Con Ed IV</u> to obtain its implementation are properly asserted as support for the common fund fee he seeks, if they are rejected as such additional support, it can only be on the basis that the inevitable result of the <u>Con Ed IV</u> success was the distribution of the entire available funds, and that therefore the subsequent

successes were already achieved in Con Ed IV; under such
circumstances, the 10% common fund fee sought is appropriately
awarded for Kalodner's Con Ed IV success.

2. The assertion in the instant Complaint of Kalodner's
success in 03-1991 (Con Ed V") (in obtaining both the DOE's
agreement to comply with the declaratory order issued in Con Ed
IV and in obtaining a change in the methodology used to calculate
the amount of distribution which has increased the amount to be
distributed some $39 million) as a basis for the common fund fee
is appropriate despite the Court of Appeals statement that such a
claim "fails for lack of causation" 445 F. 3d at 548.

As noted at length in plaintiff's previously filed pleadings
in the instant matter, the merits of Kalodner's claim for a
common fund fee on the basis of his successes in Con Ed V were
not before the Court in any of the three appeals before the D.C.
Circuit:

(a) the merits were not before the Court as to 04-0152
because the dismissed Complaint in that case claimed a fee from
the claimants only for the Con Ed IV success; it did not and
could not have claimed a fee for the Con Ed V success because it
was filed before that success was achieved;

(b) the merits were not before the Court as to 03-1991
because the D.C. Circuit, incorrectly construing the claim for a
common fund fee to have been by Kalodner's clients (and the award

8

in part of a common fund fee by this Court to have been to Kalodner's clients), held that because such clients had not "prevailed" (obtained court-ordered relief), they did not have the benefit of the waiver of sovereign immunity by virtue of the Equal Access to Justice Act ("EAJA") 28 U.S.C. Section 2412 (b) and were precluded from claiming a common fund fee by sovereign immunity, thereby not reaching the merits of their alleged claim; and

c) the merits were not before the Court as to Kalodner's separate suit against the DOE, Kalodner v. Bodman, 05-0024(RMC) because the sovereign immunity barrier precluded such action, and the D.C. Circuit held that it was without appellate jurisdiction to consider Kalodner's assertion that sovereign immunity had been waived by Section 209 of the Economic Stabilization Act ("ESA"), Pub. L. 92-210, 85 Stat. 743 (1971), such being exclusively for the Federal Circuit.

Because the D.C. Circuit could not reach the merits of Kalodner's claim on the basis of Con Ed V, or even of a claim by Kalodner's clients if they ever made a common fund fee claim (which they did not) in any of the three matters before it, the Court's observations as to the merits of Kalodner' claim were not holdings binding this Court, but only non-binding dicta.

Although this Court determined in its Memorandum Opinion of December 18, 2006 that Kalodner's argument "that the D.C. Circuit

erred in addressing the issue (the merits of the Con Ed V claim)
because it was not properly before the court... is irrelevant
because this Court is bound by the holding of the Court of
Appeals," this Court recognized that this issue, as one of those
as to which it had ruled against Kalodner in dismissing the
Complaint, was one which would be properly raised in the Court of
Appeals on appeal of this Court's dismissal: " he (Kalodner) asks
the Court to ignore controlling law that does apply (presumably
referring to the D.C. Circuit's observation that his prayer for a
common fund fee for his Con Ed V success "fails for lack of
causation"). That cannot be done. If this Court erred, Mr.
Kalodner's remedy lies in the Court of Appeals."

Thus, although this Court rejected Kalodner's argument that
it is not bound by an observation by the Court of Appeals as to a
merits matter which that Court did not properly reach, this
Court's careful consideration of the argument and its recognition
that it is properly raised in the Court of Appeals in the appeal
which will be taken here does not support the finding that
movants now seek that the claim of Kalodner based on Con Ed V was
not "warranted by existing law or by a nonfrivolous argument for
the extension, modification, or reversal of existing law or the
establishment of new law." ( Rule 11 (b) (2).

Finally, with regard to the Con Ed V claim, although it is
necessarily included in the remanded Con Ed IV claim if, as the

Court of Appeals held, the distribution of the additional funds
which was obtained by virtue of Kalodner's argument for a change
in distribution methodology was a necessary outcome of the
declaratory judgment issued in Con Ed IV, Kalodner properly
persists in pressing for recognition of the contribution made in
Con Ed V in light of this Court's own findings in awarding a fee
in that case of $11.7 million (30% of the extent to which the
distribution would exceed that which DOE initially proposed as
complying with the Con Ed IV declaratory order, i.e. agreeing to
distribute the full $284 million available rather than the $245
million which would have been distributed pursuant to DOE's
initial proposal). As this Court found in awarding that fee:

"The Court selects 30% instead of a lower percentage because
this additional award to the class arises only because Mr.
Kalodner has participated in and dedicated himself to the crude
oil refund program so thoroughly that he was able to identify and
articulate a more sensible and fair methodology for the final
distribution than the one proposed by the government. Even more
to the point, the government had intended to calculate a final
distribution to all 56,000 claimants who had filed claims over
the years, despite the inevitable fact that many would not come
forward, may not exist any more, or have been fully reimbursed
and not qualify for an additional distribution. Any excess monies
would have been retained by the federal government and perhaps

11

shared with the States. Due to his perseverance and detailed attention, Mr. Kalodner recognized the problem, developed a solution to the benefit of the remaining, extant, claimants, and persuaded the DOE to adopt his approach. Since it appears that hardly anyone else in the country is paying attention to this little area of DOE's programs, the additional monies per gallon (totaling some $39 million) will be a totally unexpected recovery for claimants. To compensate the individual who obtained it with 30% of this recovery (the additional $39 million) fulfills the equitable reasons for the common fund doctrine." (Decision of January 26, 2005 in 03-1991, emphasis supplied).

3. Kalodner properly here asserted as a basis for a common fund fee his success in Consolidated Edison v. Bodman, 05-0816 (RMC) D.D.C. ("Con Ed VI"); only in, and by, that action did Kalodner obtain an actual distribution of 89.5% of that due the claimants, thereby avoiding a delay of several years in distribution.

Until this Court's dismissal of the Complaint in the instant action, neither this Court nor the D.C. Circuit had expressed a view as to the merits of such a claim. In the Con Ed VI action itself, this Court had declined to consider the issue of "attorney's fees" because it "has already made an award... for the totality of their EPAA litigation (referring to its awarding a common fund fee of $11.7 million in Con Ed V), and they have

appealed this decision to the D.C. Circuit Court of Appeals"
(March 2, 2006 Decision in 05-0816). And the D. C. Circuit also
did not reach the merits, instead affirming on the basis that
sovereign immunity was an available defense as to the 10%
withheld by the DOE; the D.C. Circuit considered only the
possibility of waiver by virtue of the EAJA, and held such not to
be available "because appellants did not obtain court-ordered
relief" (again, apparently misconstruing the application for a
common fund fee to have been by Kalodner's clients, not as it
was, by Kalodner as their attorney. (Order of August 7, 2006 in
06-5101).

Indeed, the movants here apparently acknowledge that this
Court's December 18, 2006 decision was the first time any Court
had held that Kalodner had not "obtained any additional value for
the fund claimants" in Con Ed VI, so acknowledging by quoting
from this Court's decision as the basis for its assertion that a
claim on the basis of Con Ed VI is without merit.

But if the decision dismissing the instant action was the
first holding that a claim on the basis of Con Ed VI is without
merit, as it admittedly was, then there is no basis for the
movants' argument that in asserting such a claim in the Complaint
here, Kalodner was asserting a claim not "warranted by existing
law."

(On appeal, Kalodner will argue that this Court was

13

incorrect in dismissing on the basis of a finding that he had not in Con Ed VI "obtained any additional value for the fund claimants." Such a finding was unwarranted (i) in the face of a Complaint here alleging that DOE had determined to delay distribution for what might be several years, and was convinced instead to distribute 89.5% immediately by virtue of the Con Ed VI action and the motion for summary judgment filed by Kalodner therein, and (ii) because it was made without affording Kalodner the opportunity to which he was entitled to prove that it was Con Ed VI which caused DOE to make such distribution.


IV   THE INSTANT ACTION DID NOT "HARASS" THE MOVANTS BY IMPOSING AN ADDITIONAL DEFENSIVE BURDEN ON THEM; INDEED IT WAS THEIR DETERMINATION TO SEEK DISMISSAL OF THE COMPLAINT AND TO OPPOSE THE MOTION TO CONSOLIDATE WHICH HAS AND WILL CAUSE THEM ADDITIONAL WORK

    Sanctions are properly imposed when plaintiff's purpose is to "harass" the defendants. Rule 11 (a) (1).

    Here, had the defendants answered rather than sought dismissal and not opposed the motion to consolidate this action with the remanded 03-1991 and 04-0152 actions, the burden of defense would have been decreased over than which have been the case had this action and the motion to consolidate never been filed.

14

Had this action and the motion to consolidate not been filed, and had plaintiff instead sought to amend the 04-0152 Complaint (i) by changing the claimant class description (limiting it to those who have received the 89.5% distribution, as did the instant Complaint) and by changing the remedy sought (by adding a prayer that claimants pay the common fund fee from the 89.5% received), and (ii) by adding as a basis for a common fund fee his successes in <u>Con Ed V</u> and <u>Con Ed VI</u>, the movants as claimant defendants would have had to brief the same points they briefed in their motion to dismiss.

And, in addition, had the 04-0152 and 03-1991 actions remained separate as they would have absent plaintiff's filings, the movants as claimant defendants in 04-0152 would have necessarily properly felt required to seek intervention in the 03-1991 action in order to attempt to have any fee recovered from the withheld 10% rather than being paid by them from the received 89.5%.

Thus, absent the instant action and the motion to consolidate, the claimant defendants would have been burdened with participating in two separate proceedings before two separate Judges, the situation they now face because of their success in obtaining dismissal of the instant action and of the motion to consolidate.

Had the defendants in this action answered rather than moved

15

for dismissal and not opposed the motion to consolidate, they would have had to brief the various issues as to the basis for the Kalodner common fund fee claim only once, and would be able to argue that any fee should come from the withheld 10% without formally intervening in the 03-1991 action.

Indeed, the work load of the claimant defendants has been significantly increased not by the filing of the instant action and the motion to consolidate, but rather by their success in obtaining dismissal of the Complaint and of the motion to consolidate.

Now, the claimant defendants will both (i) be required to participate as appellees in Kalodner's appeal of this Court's dismissal and denial of consolidation and (ii) have to brief again the same issues as they briefed on the motion to dismiss in responding to Kalodner's motion to amend the Complaint in 04-0152 to change the class description, to add to the remedy sought, and to add Con Ed V and Con Ed VI as additional bases for a common fund fee; Kalodner will have to seek such amendment as to the class description and remedy sought in any event, and will have to seek to add Con Ed V and Con Ed VI as the basis for a common fund fee in order to avoid the delay in proceeding with the 04-0152 action which would be involved in awaiting completion of the appellate review of the dismissal of the instant Complaint and denial of the motion to consolidate.

16

Thus, if the claimant defendants are being harassed by being required to do additional work, it is only themselves they have to blame.

V   SIMILARLY, HAD THEY NOT BEEN DISMISSED, THE INSTANT COMPLAINT AND THE MOTION TO CONSOLIDATE WOULD HAVE AVOIDED THE DELAY WHICH WOULD HAVE OCCURRED ABSENT THEIR FILING, AND WHICH WILL NOW OCCUR EVEN TO A GREATER DEGREE BY VIRTUE OF THE CLAIMANT DEFENDANTS SUCCESS IN OBTAINING DISMISSAL OF THE INSTANT COMPLAINT AND DENIAL OF THE MOTION TO CONSOLIDATE

Sanctions are properly granted when pleadings "cause unnecessary delay" in concluding a dispute between the parties. Rule 11 (b) (2).

Here, had the Complaint not been dismissed and had the accompanying motion to consolidate not been denied, the delay which would have existed absent their filing would have ben reduced.

Absent a Complaint incorporating both the claim for a common fund fee against the DOE and the same claim against the claimants, and their consolidation with the remanded 03-1991 and 04-0152 actions, significant delay would have existed by virtue of the fact that there would have been two separate proceedings, 03-1991 and 04-0152 before two different Judges. Because the same discovery issues would have existed in both actions, requiring

17

litigation in both actions, there would inevitably be a delay in either Judge rendering a final ruling.

Had the instant Complaint and the motion to consolidate not been dismissed, such delay would have been significantly reduced, inter alia, because the discovery issues would have been before one Judge.

Now, of course, by virtue of the claimant defendants' success in obtaining dismissal of the Complaint and denial of consolidation, the delay will be significantly increased, inter alia, because either or both Judges might well determine to delay proceeding with the remanded litigation until the Courts of Appeals make a determination on the appeals which will be taken to them by plaintiff from the dismissal of the Complaint and the denial of consolidation.

Again, as is the case with the work burden, (i) the instant Complaint and the requested consolidation would have avoided the delay which would have occurred absent their filing, and (ii) it is the action of the claimant defendants in successfully obtaining dismissal of the Complaint and denial of consolidation which will delay conclusion of the common fund fee litigation to an even greater extent than would have been the case had the Complaint and motion to consolidate never been filed.

In sum, it is the movants and their fellow defendants who have managed to delay conclusion of the litigation, thereby being

in fact their own worst enemies.

If sanctions were to be imposed on the ground of delay, as would be the case were sanctions to be imposed for imposing an additional burden of work, they would be properly imposed upon these movants and their fellow defendants.


VI    THE LACK OF MERIT OF THE SANCTION REQUEST IS DEMONSTRATED BY THE CONTRAST BETWEEN THE INSTANT SITUATION AND THAT PRESENTED IN THE CASES CITED BY MOVANTS IN WHICH SANCTIONS WERE IMPOSED

The dismissal of an action is not the basis for the imposition of sanctions unless the action was brought for an improper purpose, i.e. "Judge-shopping", to harass the defendants or to cause unnecessary delay, or is brought without basis in law or fact.

So Rule 11 provides, and so the cases have consistently held.

Here, there has been no dismissal of prior actions seeking the same relief, as was the case in three of the cases cited by movants as supporting their prayer for sanctions: Manwani v. Brunelle, 1995 U.S. App. LEXIS 39938 (2nd Cir. 1995) (a fourth suit after three prior suits had been dismissed), Hughes v. MnMenamon, 379 F. Supp 2d 75 (D. Mass. 2005) (third suit after the first two had been dismissed), Hobley v. KFC U.S. Properties Inc., 2007 U.S. Dist. LEXIS 7203 (D.D.C. 2007 (fourteenth similar

action after the previous 13 actions had been dismissed): in the
Hobley case, this Court declined to award sanctions but warned
the plaintiff he would face sanctions if he filed another similar
action.

Here, the initial dismissal of Kalodner's 04-0152 action
against the claimants on the basis of his success in Con Ed IV,
in which dismissal the District Court never reached the merits of
th claim, has been reversed by the Court of Appeals and the case
remanded, so that there has not only been no dismissal of a prior
action, but indeed a direction that it be considered by the
District Court.

Insofar as the instant action duplicated the prayer for a
common fund fee on the basis of Con Ed IV it (i) had a basis for
doing so, i.e. to limit the defendant class to those who have
received an 89.5% distribution and to add a claim for a common
fund fee from such 89.5%, (ii) if it had not been dismissed and
the requested consolidation with 04-152 had been granted, it
would have been in lieu of the amendment of the Complaint in 04-
0152 to make those changes, and would therefore not have imposed
any additional response burden on claimant defendants, and (iii)
it not only had an additional good faith purpose, i.e. to assert
the claim against the claimants only if the claim against DOE for
a common fund fee from the withheld 10% was denied, but it was a
good faith purpose which would have benefitted the movants here

and their fellow claimant defendants.

As to the claim for a common fund fee on the basis of Con Ed
V, (i) it has never been previously asserted against the
claimants, and (ii) even if the claimants and the DOE are deemed
to be in privity, the denial by the Court of Appeals of recovery
against DOE (after this Court had awarded such in part) was not
on the basis of a merit determination but rather on the basis of
sovereign immunity, and such a defense was held by the Court of
Appeals not to be available to the claimant defendants.
(Unfortunately, as noted above, unless the remanded 04-0152
action is stayed in the District Court pending action by the D.C.
Circuit, it will be necessary for Kalodner to seek to amend the
04-0152 action to add the Con Ed V and Con Ed VI bases because
this Court's dismissal of the instant action as to those bases
will still be under review and therefore not res judicata.)

Finally, as to the claim for a common fund fee on the basis
of Con Ed VI, as noted above, this Court's dismissal of it on the
merits was the initial determination of such, so that when this
Complaint was filed it was not seeking relief previously denied
on the merits (the previous denial by this Court was on the basis
of a pending appeal, now dismissed, and on the basis that this
Court had made an award to Kalodner, an award now reversed, and
the affirmance by the Court of Appeals considered only the claim
as against the DOE, finding only that it could not be asserted

21

against the withheld 10%, thus not precluding its assertion against the claimants, or indeed against the DOE if asserted only to require the DOE to recover a common fund fee from the distributed 89.5%.)

In three other cases cited by movants, sanctions were denied, therefore providing no support for the grant of sanctions here: Marina Management v. Vessel My Girls, 202 F. 34 315 (D.C. Cir. 2000) (reversing the District Court award of sanctions for allegedly misleading the Court in an exhibit to the Complaint), Kaplan v. Daimlerchrysler, 331 F. 3d 1251 (11th Cir. 2003) (reversing the District Court's award of sanctions for filing unnecessary multiple in limine motions on the eve of trial), and Taylor v. Blakey, 2006 WL 279103 (D.D.C. 2006) (no sanctions imposed even though judgment had been granted in a prior action against one in privity with the plaintiff and making the same allegations).

Finally, in the two other cases cited by movants, the grant of sanctions provides no basis for arguing for sanctions here: in Worldwide Primates Inc. v. McGreal, 87 F. 3d 1252 (11th Cir. 1996), the plaintiffs counsel was sanctioned for failure to make any investigation as to the basis of the action and as to whether his client, the plaintiff, had suffered any damages, and in Pierce v. Commercial Warehouse, 142 F.R.D. 687 (M.D. Fla. 1992), sanctions were imposed because the action had been brought and

pursued with two amended Complaints by plaintiffs who had no standing to do so).

Here, there is no question that Kalodner has fully investigated the matter and analyzed the applicable principles of law, nor is there any question as to his standing to seek a common fund fee.

<u>CONCLUSION</u>

For the reasons above set forth, demonstrating that the instant action, although dismissed, was not bought for an improper purpose nor without basis in law and in fact, the motions for sanctions should be denied.

Respectfully submitted,

_____

Philip P. Kalodner
208 Righters Mill Road
Gladwyne PA 19035
610-649-8749
DC Bar 973578

March 23, 2007              Pro Se