IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHILIP P. KALODNER | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
|  | ) | 1:06CV00818 (RMC) |
| v. | ) | |
|  | ) | |
| BODMAN, ET AL. | ) | |
| Defendants | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR SANCTIONS UNDER RULE 11**

Plaintiff's Opposition to Motion for Sanctions ("Opposition") consists, for the most part, of the same arguments which have been rejected by this Court as well as the Court of Appeals. They, therefore, need no further response. There is, however, one truly extraordinary point raised by Kalodner which merits a brief reply, as well as a comment on his threats to continue to refile cases decided against him.

Kalodner claims that his filing of the precluded, duplicative complaint, which was dismissed by this Court and is the subject of the requested sanctions, was actually intended to have "benefited" the defendants, was designed to promote "judicial efficiency" and, indeed, he offers defendants his insightful legal advice -- we should not have moved to "dismiss" the complaint, but should have "answered," i.e., let it stand. (Opposition at 3, 5, 14). This bizarre justification for the re-filing of a precluded, duplicative complaint -- that it is in fact beneficial to the Court and the defendants -- underscores the need for the Court to give Kalodner guidance on what is not acceptable. Without it, he will continue to turn the rules on their head and "ignore" the clear rulings of this Court and the Court of Appeals. *Kalodner v. Bodman, et al.*, Case No. 06-cv-818 (RMC), Mem. Op. at 2 (D.D.C. March 5, 2007). The system

- 2 -

cannot function efficiently or fairly if a litigant refuses to abide by the decisions of the Court.

Kalodner, in seeking to turn a sow's ear into a purse, confuses and merges two very different issues, one the subject of the sanctions motion, the other irrelevant to it. The sanctions motion is based on having to respond (twice) to a complaint that, under any reasonable standard, had no legal basis, and that Mr. Kalodner, based on any standard of reasonableness, knew or should have known it. The sanctions motion is not in any way based on Mr. Kalodner's belated Motion to Consolidate.[1] If Kalodner had only filed a motion to consolidate, there would have been no request for sanctions.

Kalodner's 23-page Opposition, when read in its entirety, is the best evidence of the need for judicial admonition. Kalodner's response is in part a defiant threat that he intends to escalate the litigation, e.g., appealing the dismissal and refusal to consolidate, broaden the litigation by filing once again in Docket No. 04-0152 the rejected *Con Ed V* claim -- decided adverse to Kalodner four times in the last 16 months -- and re-filing the rejected Con Ed VI claim (Opposition, 16). This passes far beyond legitimate advocacy, and Kalodner should be told so.

---

[1] The two cases Kalodner sought to consolidate (Nos. 03-1991 and 04-152) have been pending separately for over 3 years. He made no move to consolidate during this period. This Court, in refusing to consolidate, pointed out that one factor in denying consolidation was the fact that the cases had been handled separately for "several years." (*Kalodner v. Bodman, et al.*, Case No. 06-cv-818 (RMC), Mem. Op. at 9 (D.D.C. Dec. 18, 2006)).

- 3 -

Respectfully submitted,

_____
s/ Stanley O. Sher, D.C. Bar #11924
Alison B. Macdonald, D.C. Bar #475079
SHER & BLACKWELL LLP
1850 M Street, N.W.,Suite 900
Washington, D.C.  20036
Tel:  202-463-2500
Fax: 202-463-4950
Attorneys for Defendants
General Council on Finance and
Administration of the United
Methodist Church;
Seagroup, Inc.;
Zim Integrated Shipping Services, Ltd.

April 5, 2007

**CERTIFICATE OF SERVICE**

      This 5th day of April, 2007, I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system which will send notification of such filing to: Stephen C. Skubel and Ada L. Mitrani, U.S. Dept. of Energy, Office of the General Counsel, GC-32, 1000 Independence Ave. SW, Washington DC 20585; Michael F. Healy, Morgan Lewis & Bockius LLP, 1111 Pennsylvania Ave. N.W., Washington D.C. 20004; and Philip P. Kalodner, Esq., 208 Righters Mill Road, Gladwyne, PA  19035.  I further certify that a true and accurate copy of the foregoing has been served on this 5th day of April, 2007 on John R. Low-Beer, Esq., Asst. Corporation Counsel, City of New York, New York City Law Department, 100 Church Street, New York, NY 10007 by US Mail, postage prepaid.

                                                  _____
                                                  s/ Stanley O. Sher
                                                  SHER & BLACKWELL LLP
                                                  1850 M St., N.W., Ste. 900
                                                  Washington, D.C. 20036
                                                  (202) 463-2500 (tel)
                                                  (202) 463-4950 (fax)